In the Matter of JOHN TIFER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [627 NYS2d 188] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: Because the inmate misbehavior report was authored by an eyewitness to the events alleged in the report and the events are stated in sufficient detail, the report constitutes substantial evidence in support of the determination that petitioner violated two inmate rules *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 616-617). We conclude, however, that the Hearing Officer erred in directing respondent to pay restitution in an amount fixed by the facility maintenance department. The amount of restitution should be determined at the time of the hearing, thereby establishing a basis for administrative and judicial review *(see, Matter of Baker v Wilmot,* 65 AD2d 884). Because there is substantial evidence to support the guilty determination and because the failure to fix the amount of restitution constitutes

a procedural irregularity, we modify the determination by vacating the penalty imposed, and we remit the matter to respondent Superintendent for a further hearing on the amount of damage and restitution *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 148-149; *Matter of Hillard v Coughlin,* 187 AD2d 136, 140, *lv denied* 82 NY2d 651; *Matter of Dawson v Coughlin,* 178 AD2d 946; *cf., Matter of Hartje v Coughlin,* 70 NY2d 866, 868).

By refusing to appear at the hearing, petitioner waived his right to challenge various procedural irregularities, including the alleged failure of respondents to provide employee assistance and conducting the hearing in petitioner's absence *(see, Matter of Watson v Coughlin,* 72 NY2d 965, *affg* 132 AD2d 831; *Matter of Cotton v Coughlin,* 167 AD2d 584). In addition, by failing to raise those procedural issues on his administrative appeal, petitioner failed to exhaust his administrative remedies *(see, Matter of Medina v Coughlin,* 202 AD2d 1000; *Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.