■ PAUL E. MURPHY et al., Appellants, v TOWN OF LIBERTY et al., Respondents, et al., Defendants. [632 NYS2d 861] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 2, 1994 in Sullivan County, which granted the motion of certain defendants to dismiss the complaint against them for failure to state a cause of action.

Plaintiffs own real property in the Loomis Sewer District in the Town of Liberty, Sullivan County, and in that connection pay real property taxes or special assessments. Alleging that the cost of certain planned sewer district improvements has

far exceeded original projections, plaintiffs commenced this action to direct defendant Town Board of the Town of Liberty to declare that there exists a financial emergency and to petition the State Legislature for a declaration of such emergency. Plaintiffs also seek money damages based upon the claims, *inter alia,* that defendant Town of Liberty and certain of its former supervisors (hereinafter collectively referred to as the Town) were guilty of negligence, breach of duty, malfeasance, nonfeasance and bad faith in failing to (1) comply with Environmental Protection Agency guidelines and regulations, thereby depriving the project of eligibility for available grant moneys, (2) assign a clerk of the works, (3) have changes and plans approved by the Department of Environmental Conservation, (4) maintain proper documentation, and (5) keep affected taxpayers apprised of the progress of the project and its increased cost. In lieu of an answer, the Town moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. Fundamentally, "no action lies against a municipal officer in any case for misconduct or delinquency, however gross, in the performance of judicial or quasi-judicial duties, and however erroneous or wrong it may be, or however malicious even the motive which produced it" (25 NY Jur 2d, Counties, Towns and Municipal Corporations, § 384, at 515; *see, Mon v City of New York,* 78 NY2d 309; *Tarter v State of New York,* 68 NY2d 511; *Tango v Tulevech,* 61 NY2d 34; *East Riv. Gas-Light Co. v Donnelly,* 93 NY 557; *Rottkamp v Young,* 21 AD2d 373, 375, *affd* 15 NY2d 831). We are not persuaded by the argument that, notwithstanding the foregoing, the Town's failure to make the necessary applications for available State and Federal financial assistance was a fundamentally ministerial act for which there is no immunity. Without a doubt, the Town was not obligated to blindly adhere to its original plan. Rather, it retained discretion over the mode of financing of the project (*see,* Town Law § 198 [1]) and was authorized to change its plans at any time during the course of the project (*see, Office Park Corp. v County of Onondaga,* 64 AD2d 252, 258, *affd* 48 NY2d 765).

We have considered plaintiffs' remaining contentions and find them lacking in merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.