■ George Semkus, Appellant, v State of New York et al., Respondents. [708 NYS2d 288] —Order, Court of Claims of the State of New York, New York County (Alan Marin, J.), entered

July 9, 1998, which denied claimant's motion for partial summary judgment and granted defendant New York State's cross motion to dismiss the claim, unanimously affirmed, without costs.

Claimant seeks damages for his alleged "illegal incarceration" when the Division of Parole improperly classified him as a "category 2" violator and revoked his parole. Determinations pertaining to parole and its revocation, however, are deemed strictly sovereign and quasi-judicial in nature and, accordingly, the State, in making such determinations, is absolutely immune from tort liability (*Lublin v State of New York*, 135 Misc 2d 419, 420, *affd* 135 AD2d 1155, *lv denied* 71 NY2d 802). Since claimant seeks damages attributable to the State's decision to revoke his parole, his claim is barred (*Tarter v State of New York*, 68 NY2d 511). This conclusion is not altered by the circumstance that the decision of the Parole Board revoking claimant's parole was eventually determined to have been in error, since the action of the Parole Board was not thereby deprived of its quasi-judicial character (*supra,* at 517-518). Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.