■ ALBERTO VARELA, Appellant, v STATE OF NEW YORK, Respondent. [724 NYS2d 917] —Spain, J. Appeal from an order of the Court of Claims (McNamara, J.), filed August 29, 2000, which denied claimant's motion for summary judgment.

Following the administrative reversal of a determination finding claimant guilty of violating certain prison disciplinary rules, claimant commenced this action to recover damages for alleged wrongful confinement based upon his placement on keeplock status as a result of the disciplinary proceeding. After issue was joined, claimant moved for summary judgment on his claim and he now appeals from the Court of Claims' denial of the motion. We affirm.

Insofar as they relate to inmate discipline, the actions of correctional facility employees are quasi-judicial in nature and, unless the employees exceeded the scope of their authority or violated applicable rules and regulations, the State has absolute immunity for those actions (*see, Arteaga v State of New York*, 72 NY2d 212, 214, 218-220). Claimant's allegations of wrongful conduct by the correction officer who authored the misbehavior report and the Hearing Officer who conducted the tier II disciplinary hearing do not demonstrate his entitlement to judgment as a matter of law. On its face, the misbehavior

report was in compliance with the relevant regulation (*see,* 7 NYCRR 251-3.1) and the report could serve as the basis for the disciplinary determination (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). It does not appear that claimant was entitled to employee assistance at the tier II hearing (*see, Matter of Booker v Rivera,* 276 AD2d 985) and his claims of Hearing Officer bias and other misconduct are not supported by evidentiary proof in admissible form. Accordingly, the Court of Claims did not err in denying the motion.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.