■ MARK MERTENS, Appellant, v STATE OF NEW YORK, Respondent. [901 NYS2d 744]—

Lahtinen, J. Appeal from a judgment of the Court of Claims (McCarthy, J.), entered April 24, 2009, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim.

Claimant was sentenced in 1982 to 8¹/₃ to 25 years in prison upon his plea of guilty of sodomy in the first degree for acts

perpetrated upon an 11-year-old victim. He was released twice to parole supervision, but had parole revoked both times for various violations. As relevant here, he was released a third time to parole in 1997. Conditions of his parole included staying away from his cousin's home, where children were often present. He was charged with violating this condition as well as failing to truthfully respond to questions from his parole officer. Following a hearing, an administrative law judge sustained both charges and recommended a time assessment of 12 months.

A Board of Parole Commissioner modified the time assessment recommendation by providing that claimant be held to his maximum term. The reasons set forth for the modification were factually incorrect in that the Commissioner stated that the most recent violation and a prior violation had occurred near the victim's residence. Nevertheless, the Board panel affirmed the Commissioner's decision. Claimant's subsequent CPLR article 78 proceeding was dismissed as untimely. The Commissioner's inaccurate statement regarding claimant's violations was eventually expunged from his record by the Board. Claimant later commenced this action alleging, among other things, malicious prosecution and negligence by defendant that caused him to serve additional time in prison. The Court of Claims granted defendant's motion for summary judgment. Claimant appeals.

We affirm. Determining an appropriate time assessment for a parole violation involves the exercise of discretion of a quasi-judicial nature and, accordingly, is protected by absolute immunity (see Tarter v State of New York, 68 NY2d 511, 517 [1986]; Nelson v State of New York, 67 AD3d 1142, 1143 [2009]; Semkus v State of New York, 272 AD2d 74, 75 [2000], lv denied 95 NY2d 761 [2000]; see also Arteaga v State of New York, 72 NY2d 212, 216 [1988]). Allegations of improper motives and even malicious wrongdoing are insufficient to circumvent absolute immunity (see Tarter v State of New York, 68 NY2d at 518; Murphy v Town of Liberty, 220 AD2d 944, 945 [1995]). Claimant's contentions that the Commissioner made egregious factual errors and that the Commissioner's determination was not supported by the record do not provide a ground for liability. Those alleged errors are covered by absolute immunity and, since the Commissioner had authority to act on the parole revocation application, this is not a case of "clear absence of any jurisdiction over the subject matter" (Sassower v Finnerty, 96 AD2d 585, 586 [1983], appeal dismissed 61 NY2d 756 [1984]; see Collins v State of New York, 69 AD3d 46, 51-52 [2009]). The remaining arguments are unavailing.

Mercure, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.