# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**259**

**TP 10-02012**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF EDDIE M. ROBINSON, PETITIONER,

V                                                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES AND JOHN
LEMPKE, SUPERINTENDENT, FIVE POINTS CORRECTIONAL
FACILITY, RESPONDENTS.

---

EDDIE M. ROBINSON, PETITIONER PRO SE.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (FRANK K. WALSH OF COUNSEL),
FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered October 1, 2010) to review a determination of respondents. The determination placed petitioner in involuntary protective custody.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, an inmate in a correctional facility, commenced this CPLR article 78 proceeding seeking to annul the determination, following a hearing, that he should be placed into involuntary protective custody. The determination was based upon a letter that petitioner wrote criticizing the Muslim religion, which he showed to other inmates and sent to the facility's Imam. Contrary to the contention of petitioner, substantial evidence supports the determination that he should be placed into involuntary protective custody on the ground that he "may be a potential victim" (7 NYCRR 330.2 [b]; *see Matter of Bartley v Fischer*, 73 AD3d 1363). That evidence included petitioner's testimony at the hearing that he wrote the letter, as well as the testimony of an inmate to whom petitioner showed the letter, the correction officer who wrote the recommendation that petitioner be placed into involuntary protective custody, and the Imam (*see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966; *People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner's denial that he feared for his personal safety and his contention that he did not willingly absent himself from the hearing merely presented a credibility issue that the Hearing Officer was free to resolve against him (*see Matter of Miller v New York State Dept. of Correctional*

*Servs.*, 295 AD2d 714).

Petitioner further contends that he was denied the right to confront the confidential witnesses against him.  He did not raise that contention on his administrative appeal, and thus he failed to exhaust his administrative remedies with respect to that issue (*see Matter of Tifer v Coughlin*, 214 AD2d 1036; *Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834; *see generally Matter of Khan v New York State Dept. of Health*, 96 NY2d 879).  We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court