█ Nicholas Pryor, Appellant, v State of New York, Respondent. [937 NYS2d 734]—

Spain, J.

We affirm. "Governmental immunity protects defendant from liability for the injurious consequences of official action 'when [that] action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial' " (*Metz v State of New York*, 86 AD3d 748, 750 [2011], quoting *Haddock v City of New York*, 75 NY2d 478, 484 [1990]). By statute, the Department of Corrections and Community Supervision (hereinafter DOCCS) is responsible "for the safety, security and control of correctional facilities" (Correction Law § 137 [2]; *see Arteaga v State of New York*, 72 NY2d 212, 218-219 [1988]). To that end, an inmate who may be a potential victim, and who does not voluntarily accept admission into protective custody, may be restricted from communication with the general inmate population (*see* 7 NYCRR 330.2 [b]). In our view, a decision to place an inmate in IPC is a discretionary one made by DOCCS in furtherance of its duty to protect the safety of both the inmates and the correctional facility (*see e.g. Matter of Robinson v Fischer*, 82 AD3d 1630, 1631 [2011]; *Matter of Bartley v Fischer*, 73 AD3d 1363, 1364 [2010]; *Matter of Lane v Kirkpatrick*, 68 AD3d 1280, 1281 [2009]). Accordingly, defendant is entitled to governmental immunity regarding such decisions.

Claimant contends, however, that immunity was negated here by the failure of DOCCS to comply with 7 NYCRR 330.3 (b) (2). Even assuming that the failure of DOCCS to comply with the rules and regulations governing IPC were to negate defendant's immunity (*see generally Arteaga v State of New York*, 72 NY2d at 220-221; *Varela v State of New York*, 283 AD2d 841, 841 [2001] [no immunity for actions regarding inmate disciplinary matters, which are quasi-judicial in nature, if DOCCS violates applicable rules and regulations]), we find no such failure here. Pursuant to 7 NYCRR 330.3 (b) (2), an inmate in IPC "shall have such status reviewed every 30 days by a three-member committee consisting of a representative of the facility executive staff, a security supervisor, and a member of the guidance and counseling staff" and "[t]he results of such review shall be

forwarded, in writing, to the superintendent for final determination." Claimant's contention that DOCCS failed to review his status every 30 days is belied by the record, which contains monthly written reviews by the appropriate parties encompassing the time period that claimant spent in IPC. Further, contrary to claimant's contention, there is no requirement that the results of the 30-day reviews be provided to him. Accordingly, claimant failed to raise a triable issue of fact and the Court of Claims properly granted summary judgment to defendant.

Mercure, A.P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.