■ DAVID LORET, Appellant, v STATE OF NEW YORK, Respondent. [964 NYS2d 430]—

Stein, J. Appeal from an order of the Court of Claims (Collins, J.), entered May 9, 2012, which, among other things, granted defendant's cross motion to dismiss the claim.

Claimant, a prison inmate, served a 30-day period of punitive confinement after he was found guilty of violating a prison disciplinary rule. Claimant commenced a CPLR article 78 proceeding challenging the determination of guilt and this Court annulled such determination, finding that it was not supported by substantial evidence (*Matter of Loret v Bezio*, 79 AD3d 1561, 1562 [2010]). Claimant subsequently commenced this action, seeking damages for wrongful confinement. After claimant filed a motion seeking certain relief, defendant cross-moved to dismiss the claim on the ground that defendant was entitled to absolute immunity for the actions of the correctional facility employees with respect to the disciplinary proceedings brought against claimant. The Court of Claims agreed and dismissed the claim, prompting this appeal.

We affirm. "[A]ctions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, [defendant] has absolute immunity for those actions" (*Holloway v State of New York*, 285 AD2d 765, 765 [2001]; *see Arteaga v State of New York*, 72 NY2d 212, 215-216 [1988]; *Pryor v State of New York*, 92 AD3d 1047, 1048 [2012]; *Varela v State of New York*, 283 AD2d 841, 841 [2001]). Here, claimant has not articulated any facts to support his claim that the correctional facility employees responsible for his discipline acted in excess of their authority or in violation of any relevant rules or regulations. Indeed, this Court's annulment of the determination of claimant's guilt was based upon a finding that it was not supported by substan-

tial evidence, not upon any finding that the correctional facility employees acted in excess of their authority or departed from any applicable statutory or regulatory direction (*Matter of Loret v Bezio*). Accordingly, the Court of Claims properly determined that defendant was entitled to absolute immunity and dismissed the claim (*see Davidson v State of New York*, 66 AD3d 1089, 1089 [2009]).

Claimant's remaining contention has been considered and found to be without merit.

Peters, P.J., Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.