Lahtinen, J.P.
Appeal from an order of the Court of Claims (Milano, J.), entered March 14, 2012, which granted defendant’s motion to dismiss the claim.
In January 2010, claimant, a prison inmate, was found guilty of violating certain prison disciplinary rules and he received a penalty of, among other things, 120 days in the special housing unit. After the matter was affirmed on administrative appeal, claimant commenced a CPLR article 78 proceeding challenging that determination. We granted the petition and annulled the determination on the basis that it was not supported by substantial evidence (Matter of Shannon v Fischer, 84 AD3d 1614, 1615 [2011]). In July 2011, claimant brought this claim seeking monetary damages for his alleged wrongful confinement. Defendant thereafter moved to dismiss the claim, asserting that the claim was untimely and that defendant was immune from liability for the discretionary acts of its employees regarding an inmate disciplinary matter. Finding both defenses meritorious, the Court of Claims granted defendant’s motion. Claimant appeals.
We affirm. “The actions of correctional facility employees insofar as they relate to inmate discipline are quasi-judicial in nature and, unless they exceed the scope of their authority or violate applicable rules and regulations, are accorded absolute immunity” (Davis v State of New York, 262 AD2d 887, 888 [1999], lv denied 93 NY2d 819 [1999] [citation omitted]; see Arteaga v State of New York, 72 NY2d 212, 218-220 [1988]; Loret v State of New York, 106 AD3d 1159, 1159 [2013], lv denied 22 NY3d 852 [2013]). The claim fails to set forth sufficient facts to overcome defendant’s immunity defense and, in fact, our earlier decision annulling the determination of guilt was “based upon a finding that it was not supported by substantial evi *1078 dence, not upon any finding that the correctional facility employees acted in excess of their authority or departed from any applicable statutory or regulatory direction” (Loret v State of New York, 106 AD3d at 1159-1160). The remaining arguments are academic.
Stein, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.