# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**865**

**CA 14-01786**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

ALBERTO POLANCO, CLAIMANT-APPELLANT,

V                                           MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 123819.)

---

ALBERTO POLANCO, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Nicholas V. Midey, Jr., J.), entered September 23, 2014. The order granted the motion of defendant to dismiss the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, a prisoner at the Auburn Correctional Facility, commenced this action seeking damages based on the alleged negligence of the "State Parole Board Employees [in] fail[ing] to perform acts within the scope of their employment and in the discharge of their official duties." The Court of Claims granted defendant's motion to dismiss the claim on the grounds that it lacked subject matter jurisdiction over the claim and that defendant is absolutely immune from liability. We affirm.

Contrary to claimant's contention, "[r]egardless of how a claim is characterized, one that requires, as a threshold matter, the review of an administrative agency's determination falls outside the subject matter jurisdiction of the Court of Claims" (*Green v State of New York*, 90 AD3d 1577, 1578, *lv dismissed in part and denied in part* 18 NY3d 901). "Although claimant characterized his claim as one for money damages, upon our review of the record we conclude that adjudication of his claim requires review of the underlying administrative determination, over which the Court of Claims lacks subject matter jurisdiction" (*id*. at 1578-1579). In any event, the court also properly granted the motion based on absolute immunity. It is well established that "[d]eterminations pertaining to parole and its revocation . . . are deemed strictly sovereign and quasi-judicial in nature and, accordingly, [defendant], in making such determinations, is absolutely immune from tort liability" (*Semkus v State of New York*, 272 AD2d 74, 75, *lv denied* 95 NY2d 761; *see Arteaga*

*v State of New York*, 72 NY2d 212, 217; *Mertens v State of New York*, 73 AD3d 1376, 1377, *lv denied* 15 NY3d 706).  Here, "claimant has not articulated any facts to support his claim that the [Parole Board employees] acted in excess of their authority or in violation of any relevant rules or regulations" (*Loret v State of New York*, 106 AD3d 1159, 1159, *lv denied* 22 NY3d 852; *see Varela v State of New York*, 283 AD2d 841, 841).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court