■ PRATOW CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. [48 NYS3d 622]—In a claim to recover damages for breach of contract, the claimant appeals from a judgment of the Court of Claims (Scuccimarra, J.), dated September 23, 2015, which, upon a decision of the same court dated August 19, 2015, made after a trial, is in favor of the defendant and against it dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The Hudson Valley Transportation Management Center (hereinafter the TMC) and the New York State Police (hereinafter the State Police) maintain a list (hereinafter the tow list) identifying authorized tow companies to be contacted on a rotating basis to tow vehicles that become disabled on Interstate Highway 684. In March 2012, the TMC and the State Police removed the claimant from the tow list. In February 2013, the claimant filed a claim in the Court of Claims alleging that the removal of the claimant from the tow list constituted a breach of contract. After a trial, the Court of Claims dismissed the claim on the ground that it lacked subject matter jurisdiction to entertain it.

" '[R]egardless of how a claim is characterized, one that

requires, as a threshold matter, the review of an administrative agency's determination falls outside the subject matter jurisdiction of the Court of Claims'" (*Polanco v State of New York*, 130 AD3d 1494, 1495 [2015], quoting *Green v State of New York*, 90 AD3d 1577, 1578 [2011]). Such a challenge "is reviewable in Supreme Court via a CPLR article 78 proceeding" (*Davis v State of New York*, 129 AD3d 1353, 1354 [2015]). Here, because the adjudication of the claim requires review of the administrative determination of the TMC and the State Police to remove the claimant from the tow list, the Court of Claims properly dismissed the claim on the ground that it lacked subject matter jurisdiction to entertain it (*see Hope for Youth, Inc. v State of New York*, 125 AD3d 1211, 1212-1213 *Carver v State of New York*, 79 AD3d 1393, 1394-1395 [2010]; *City of New York v State of New York*, 46 AD3d 1168, 1169 [2007]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.