Alam v State of New York

2026 NY Slip Op 02618

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Mansoor Alam, appellant,

v

State of New York, respondent. (Claim No. 138218)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-06403

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Mansoor Alam, Jamaica, NY, appellant pro se.

Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Kartik Naram of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim, inter alia, to recover damages for violation of 42 USC § 1983 and intentional infliction of emotional distress, the claimant appeals from an order of the Court of Claims (Javier E. Vargas, J.), dated March 27, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.

ORDERED that the order is affirmed, with costs.

In or around November 2021, the claimant filed an application with the New York City Department of Social Services (hereinafter NYC DSS) for Medicaid to pay for medical bills. By notice dated December 22, 2021, NYC DSS accepted the claimant's application to pay for medical bills only in excess of his monthly spenddown amount as indicated.

In September 2022, the claimant commenced this claim against the defendant, inter alia, to recover damages for the deprivation of his rights under the United States Constitution and various federal laws in violation of 42 USC § 1983 and for intentional infliction of emotional distress, alleging that the decision by NYC DSS to accept his application to pay for medical bills only in excess of his monthly spenddown amount left him without enough money to pay for his necessary living expenses. The defendant moved pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction. The claimant opposed the motion. In an order dated March 27, 2023, the Court of Claims granted the defendant's motion. The claimant appeals.

"Regardless of how a claim is characterized, one that requires, as a threshold matter, the review of an administrative agency's determination falls outside the subject matter jurisdiction of the Court of Claims" (Pratow Corp. v State of New York, 148 AD3d 1065, 1065-1066 [alterations and internal quotation marks omitted]; see Polanco v State of New York, 130 AD3d 1494, 1495; Davis v State of New York, 129 AD3d 1353, 1353-1354). A challenge to the final action of an administrative agency is reviewable in the Supreme Court via a CPLR article 78 proceeding (see Pratow Corp. v State of New York, 148 AD3d at 1066; Davis v State of New York, 129 AD3d at 1354).

Here, the adjudication of the claim requires review of NYC DSS's administrative [*2]determination of the spenddown requirement applicable to the claimant's accepted Medicaid application to pay for medical bills. As such, the Court of Claims properly granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction (see Pratow Corp. v State of New York, 148 AD3d at 1066; see also Polanco v State of New York, 130 AD3d at 1495; Davis v State of New York, 129 AD3d at 1354).

In light of the foregoing, we need not reach the parties' remaining contentions, which relate to alternative grounds for affirmance.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court