■ In the Matter of PAUL ROACH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [846 NYS2d 796]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this proceeding to challenge a tier III disciplinary determination finding him guilty of assaulting a staff member, engaging in violent conduct and disobeying a direct order. During the hearing, petitioner testified about a letter which consisted of an apology by petitioner for causing an investigation of staff members. Petitioner testified that the letter was handwritten by a correction officer; two correction officers then made him copy it and provide it to facility staff. The author of the misbehavior report, also the staff member who petitioner allegedly assaulted, was one of the two correction officers who allegedly forced petitioner to copy this apology letter. Petitioner informed the Hearing Officer that the original letter was available by fax from either his sister or the District Attorney, but the Hearing Officer did not obtain that document. Being relevant to petitioner's explanation that he was framed by the misbehavior report's author and to that individual's credibility, the letter should have been obtained for petitioner and admitted into evidence (*see* 7 NYCRR 254.6 [a] [3]; *Matter of Perkins v Goord*, 257 AD2d 821, 822 [1999]; *Matter of Wilson v Coughlin*, 186 AD2d 1090, 1090 [1992]; *see also Matter of Adams v Coughlin*, 202 AD2d 1055, 1055 [1994]). Due to the improper exclusion of the letter, we remit for further proceedings (*see Matter of Perkins v Goord*, 257 AD2d at 822; *Matter of Webb v Coombe*, 232 AD2d 694, 694 [1996]).

We also note that the record is incomplete, as it fails to contain petitioner's written submission, which the Hearing Officer acknowledged receiving and reviewing.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.