OPINION OF THE COURT
Philip J. Patti, J.
The motion is granted in part and denied in part.
Claimant’s motion seeks summary judgment and to strike the answer. Claim No. 111497 was filed on October 13, 2005 alleging wrongful confinement in two discrete incidents by the defendant at Wende Correctional Facility.
To the extent that the claim can be read as alleging constitutional torts, the Court of Claims does not have jurisdiction over federal constitutional tort claims (Will v Michigan Dept. of State Police, 491 US 58 [1989]), and allegations of a state constitutional tort only exist where a claimant has no common-law or statutory remedy available (Brown v State of New York, 89 NY2d 172 [1996]; Remley v State of New York, 174 Misc 2d 523 [1997]). Inasmuch as claimant has an alternative remedy sounding in wrongful confinement, that part of the motion that can be read as seeking judgment for civil rights violations is denied.
*1139 No explanation or argument with respect to the striking of the answer is made, and thus that relief is denied. Specifically addressing the fifth affirmative defense alleging the lack of verification, the defendant has failed to make any showing of compliance with CPLR 3022 to preserve any objection that the claim does not comply with the verification requirement (Lepkowski v State of New York, 1 NY3d 201, 203 [2003]), apparently failing to notify claimant with due diligence, thus waiving any such objection (id. at 210).
The claim encompasses two separate disciplinary proceedings. The first incident occurred on December 7, 2003 and resulted in a period of 30 days in keeplock. The second incident occurred on May 25, 2004 and resulted in a 90-day period in keeplock. Defendant’s opposition raises “material issues of fact” in light of Rivera v State of New York (Ct Cl, Feb. 8, 2006, Sise, P.J., claim No. 102781, UID No. 2006-028-008),* and those relate only to the question of whether the outcome of the hearings would still have resulted in findings of guilt against the claimant. Beyond that issue, as discussed below, there would appear to be no factual dispute with respect to the disciplinary proceedings.
I address the latter incident first. Claimant was confined to his cell pending a tier III hearing on May 25, 2004; was served with a misbehavior report on May 27, 2004; the hearing was commenced on June 3, 2004, and he was found guilty of two charges and given a penalty of 90 days’ keeplock with loss of all privileges. After an administrative appeal was denied, he commenced a CELR article 78 proceeding in which Justice Mario J. Rossetti held that the disciplinary hearing was conducted more than seven days after claimant’s confinement, was untimely in violation of 7 NYCRR 251-5.1 (a) and annulled the tier III determination, directing that all references to the proceeding be expunged from claimant’s institutional record (Dec. 22, 2004, exhibit B to the claim). Defendant did not appeal and is collaterally estopped from challenging Justice Rossetti’s findings (D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]). Claimant had already served the full 90 days in keeplock and seeks damages for his wrongful excessive confinement for those 90 days.
*1140 In Solis v State of New York (Ct Cl, July 29, 2002, claim No. 104793, UID No. 2002-030-056), Judge Thomas H, Scuccimarra reviewed the law, noting that the quasi-judicial acts of correction employees taken in furtherance of authorized disciplinary measures are entitled to immunity (Arteaga v State of New York, 72 NY2d 212, 219-220 [1988]), but found that “correction officers departed from the bounds of New York State Department of Correctional Services rules and regulations” as any hearing must be commenced no later than seven days after the confinement. If officers act inconsistently with their own rules and regulations, or otherwise act outside the sphere of privileged actions, liability may attach (Arteaga v State of New York, 72 NY2d 212 [1988], supra). Thus, although that claimant was released on a finding of “not guilty” at his disciplinary hearing, Judge Scuccimarra made an award because it was not commenced within seven days of that inmate’s disciplinary confinement and he was wrongfully confined for an unprivileged period of four days (id.; cf. Gittens v State of New York, 132 Misc 2d 399, 407 [1986] [wrongful excessive confinement is a species of the tort of false imprisonment]; Broughton v State of New York, 37 NY2d 451, 456 [1975]).
Thus, by violating claimant’s substantive due process right to have his hearing conducted within seven days of his initial disciplinary confinement, and with defendant collaterally estopped from challenging the annulment of the tier III hearing determination and its expungement, it was seemingly void ab initio. Claimant has shown that the defendant intended to confine him, he was conscious of the confinement, he did not consent to the confinement and, because of its untimeliness, the excessive confinement was not otherwise privileged (Broughton v State of New York, 37 NY2d 451, 456 [1975], supra). I find that claimant is entitled to summary judgment for wrongful excessive confinement with respect to the disciplinary proceedings regarding the incident of May 25, 2004.
Some courts have measured such wrongful excessive confinement as the period by which the confinement exceeded that authorized by the applicable regulation, to wit, the requirement of 7 NYCRR 251-5.1 (a) that the hearing be commenced within seven days of confinement, excluding the day the misbehavior report is written (Green v State of New York, Ct Cl, Oct. 31, 2007, Collins, J., claim No. 113099, UID No. 2007-015-241, motion No. M-73701; Solis v State of New York, Ct Cl, July 29, 2002, Scuccimarra, J., claim No. 104793, UID No. 2002-030-056,
*1141 supra; Plair v State of New York, Ct Cl, Sept. 28, 2000, Mignano, J., claim No. 95693, UID No. 2000-029-023; Gagne v State of New York, Ct Cl, Nov. 14, 2006, Schaewe, J., claim No. 108815, UID No. 2006-044-007; Himko v State of New York, Ct Cl, June 27, 2007, Lopez-Summa, J, claim No. 109614, UID No. 2007-045-502; but see Brown v State of New York, Ct Cl, Sept. 30, 2002, Lebous, J., claim No. 98898, UID No. 2002-019-033 [where there was no evidence to support the conclusion that even the initial seven-day period was privileged, and allowed recovery for the entire 10-day period], citing Rosado v State of New York, Ct Cl, Apr. 15, 2002, Scuccimarra, J., claim No. 101794; Diaz v State of New York, Ct Cl, June 20, 2006, Schweitzer, J., claim No. 104019, UID No. 2006-036-008 [where damages were awarded for the entire 28-day keeplock confinement]).
Not one of these matters addresses an award of damages for wrongful excessive confinement founded upon a successful article 78 proceeding which has definitively annulled and expunged the underlying disciplinary proceeding (cf. Henderson v Coughlin, 163 Misc 2d 20, 24 [1994] [where Judge Weisberg held that “(i)nasmuch as there was no evidence that the same result would not have been obtained had the hearing been held in a timely manner, . . . claimant was not damaged by the delay”]). Those findings bind this court, and accordingly I find that claimant is entitled to damages for 90 days of unprivileged excessive confinement in keeplock at $30 per day or $2,700.
In the first incident, claimant was confined on December 7, 2003 for two disciplinary charges. After a timely hearing, claimant was found guilty of both charges and given 30 days in keeplock with a loss of privileges. Claimant alleged, inter alia, that the misbehavior report did not conform to 7 NYCRR 251-3.1 (c) (4) and that one of the witnesses he had sought to have testify was denied and no reason was ever given, nor was an attempt ever made to obtain the witness’s testimony (paragraphs 6 of the claim, of the verified bill of particulars and of the affidavit in support of the motion). Claimant appealed to the Superintendent, and the hearing officer’s decision was affirmed. Claimant filed an article 78 petition, which was transferred by Supreme Court Justice Christopher J. Burns on May 4, 2004, to the Appellate Division, Fourth Department (see CPLR 7804 [g]). Claimant then filed his appellate brief. After consulting with the defendant’s Division of Appeals & Opinions for the Attorney General, Wende Deputy Superintendent for Security Services, Girard Monahan, advised in a letter dated October 20, 2004 *1142 that he had administratively “reversed and expunged the [December 18, 2003] hearing from the records” (claim, exhibit A).
Since the record of the underlying disciplinary proceeding has been administratively reversed and expunged, there is no record for me to review and no way of ascertaining whether, as argued by defendant, the testimony claimant sought of the witness whose appearance the hearing officer apparently never attempted to obtain or otherwise note on the record, might have made a difference in the outcome of the proceeding (cf. Rivera v State of New York, Ct Cl, Feb. 8, 2006, Sise, P.J., claim No. 102781, UID No. 2006-028-008, supra).
By administratively expunging the disciplinary record, the burden of proof has shifted, to wit, it is the defendant’s burden to show that the testimony of the missing witness would have made no difference in the outcome (cf. Prince v State of New York, Ct Cl, July 14, 1989, Corbett, P.J., claim No. 54953 [regarding the burden of proving nonparticipation in the uprising or resistance in the retaking of Attica by inmates in 1971]), or at the very least allows the presumption that the missing witness indeed would have made a difference in the result.
Where the hearing officer’s refusal to allow claimant to present his witnesses was unexplained, it constituted a denial of the inmate’s right to call witnesses as provided in the regulations (7 NYCRR 253.5 [a]), and, in one instance, based on the trial record, the court found it extremely likely that the charges would not have been sustained had he been afforded his right to call witnesses (Diaz v State of New York, Ct Cl, June 20, 2006, Schweitzer, J., claim No. 104019, UID No. 2006-036-008, supra). With administrative expungement, and with the burden of proof shifted to the defendant, who here in opposing summary judgment relied upon nothing more than reference to Rivera v State of New York (Ct Cl, Feb. 8, 2006, Sise, P.J., claim No. 102781, UID No. 2006-028-008, supra), claimant has established a prima facie case of wrongful confinement (Broughton v State of New York, 37 NY2d 451, 456 [1975], supra), as claimant’s due process rights were violated and the defendant’s actions are not entitled to the immunities articulated in Arteaga v State of New York (72 NY2d 212 [1988], supra).
Claimant is entitled to damages for 30 days of unprivileged excessive confinement in keeplock for the disciplinary proceedings arising on December 7, 2003 at $30 per day or $900.
*1143 To the extent that claimant seeks damages for filing fees and copying costs with respect to his article 78 petitions, as well as “[a]nxiety and mental distress,” recovery is denied.
Accordingly, the motion for summary judgment is granted and claimant is awarded the total sum of $3,600 for the specified instances of wrongful excessive confinement.
To the extent that claimant has paid a filing fee, it may be recovered pursuant to Court of Claims Act § 11-a (2).

 Decisions and selected orders of the New York State Court of Claims are available on the Internet at http://www.nyscourtofclaims.courts.state.ny.us/ decisions.shtml.