In the Matter of CHRIS MOUSTAKOS, Appellant, v DOMINICK VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [937 NYS2d 638]—

---

In the context of a prison disciplinary hearing, a prisoner has the right to present relevant documentary evidence in his or her behalf (*see* 7 NYCRR 254.6 [a] [3]; *Matter of Roach v Goord*, 46 AD3d 988, 989 [2007]; *Matter of Perkins v Goord*, 257 AD2d 821, 822 [1999]). Here, prior to the commencement of the hearing, petitioner requested all relevant reports regarding the incident. Although such materials were purportedly supplied to him, he has produced a memorandum, authored by a correction officer, that reports that when questioned about the incident, the victim stated that "he doesn't know the inmate who stabbed him." Other evidence in the record suggests that petitioner and the victim were well acquainted. Notably, although the assistance form indicates that all reports were provided to petitioner, copies of those reports do not appear in the record. In light of the exculpatory nature of the memorandum and the absence of any proof that it was disclosed to petitioner prior to his hearing, we reverse Supreme Court's judgment, annul the determination and remit the matter for further proceedings (*see Matter of Roach v Goord*, 46 AD3d at 989; *Matter of Perkins v Goord*, 257 AD2d at 822; *Matter of Cowart v Coughlin*, 193 AD2d 887, 888 [1993]). In view of our disposition, we need not consider petitioner's remaining contentions.

Mercure, A.P.J., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.