■ In the Matter of MELVIN KIMBROUGH, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [946 NYS2d 714]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

---

**2.** At oral argument, the parties indicated that Knight has subsequently been made a party to this action.

After the personal property in petitioner's cell had been packed up in preparation for a move to another facility, a correction officer observed petitioner pass documents contained in a booklet entitled "Urban Books" to another inmate through his cell bars. The officer reviewed the documents and found that they contained references to, among other things, black nationalism. Thereafter, the officer prepared a misbehavior report charging petitioner with possessing gang-related material, possessing unauthorized organizational material, possessing an item in an unauthorized area and smuggling. Following a tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the charge of possessing gang-related material was dismissed, but the remaining charges were upheld. This CPLR article 78 proceeding ensued.

We must annul the determination. On the record before us, we cannot conclude that substantial evidence supports the determination finding petitioner guilty of possessing unauthorized organizational material. The disciplinary rule at issue provides, in pertinent part, that "[a]n inmate shall not . . . possess printed or handwritten material relating to an unauthorized organization where such material advocates either expressly or by clear implication, violence based upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against department employees or that could facilitate organizational activity within the institution by an unauthorized organization" (7 NYCRR 270.2 [B] [6] [v]). Significantly, the documents that petitioner possessed did not refer to any particular organization nor did they advocate violence or acts of disobedience (*compare Matter of Baez v Goord*, 264 AD2d 916 [1999]). Further, as no evidence was presented in the misbehavior report, the hearing testimony, or elsewhere in the record to sustain the remaining charges on a basis independent of a finding that the materials petitioner possessed were unauthorized, those charges must also be annulled.

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record and to restore any good time taken from petitioner as a result thereof.