# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**292**

**TP 14-01720**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LAWRENCE PEREZ, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

KAREN MURTAGH, EXECUTIVE DIRECTOR, PRISONERS' LEGAL SERVICES OF NEW
YORK, BUFFALO (DAVID W. BENTIVEGNA OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered September 22, 2014) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted, the penalty is vacated, and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rule 105.14 (7 NYCRR 270.2 [B] [6] [v]).

Memorandum: In this CPLR article 78 proceeding, petitioner seeks review of a tier III hearing determination finding him guilty of violating inmate rule 105.14 (7 NYCRR 270.2 [B] [6] [v [unauthorized organizations]). We agree with petitioner that the determination is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). The evidence at the disciplinary hearing established that petitioner had possession of printed material related to an unauthorized organization, but there was no evidence that the "material advocates either expressly or by clear implication, violence based upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against department employees or that could facilitate organizational activity within the institution" (7 NYCRR 270.2 [B] [6] [v]; *see Matter of Kimbrough v Fischer*, 96 AD3d 1251, 1252).

Entered: March 20, 2015                          Frances E. Cafarell
                                                 Clerk of the Court