# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1258**
**CA 14-01922**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

CHRIS MOUSTAKOS, CLAIMANT-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 121157.)

---

CHRIS MOUSTAKOS, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Court of Claims (Renée Forgensi Minarik, J.), entered July 30, 2014.  The order denied claimant's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Claimant commenced this action seeking damages for, inter alia, unlawful confinement after the Third Department annulled the determination in a prison disciplinary proceeding that he had violated various inmate rules (*Matter of Moustakos v Venettozzi*, 92 AD3d 992).  Contrary to claimant's contention, the Court of Claims properly denied his motion for partial summary judgment on liability on his cause of action for unlawful confinement.

The Third Department found that defendant had violated claimant's "right to present relevant documentary evidence" when it failed to provide claimant with a memorandum containing allegedly exculpatory evidence (*id.* at 993; *see* 7 NYCRR 254.6 [a] [3]).  Defendant did not appeal from the order of the Third Department and is thus collaterally estopped from challenging the Court's determination that defendant violated its own rules and regulations (*see DuBois v State of New York*, 25 Misc 3d 1137, 1139; *see generally D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664).

We reject claimant's contention that the decision of the Third Department entitles him to partial summary judgment on liability on the unlawful confinement cause of action.  It is well settled that, where, as here, the actions of correction personnel have violated the due process safeguards contained in 7 NYCRR parts 252 through 254, those actions "[will] not receive immunity" (*Arteaga v State of New York*, 72 NY2d 212, 221).  Contrary to claimant's contention, however,

the absence of an immunity defense does not entitle claimant to partial summary judgment on liability on his unlawful confinement cause of action. As defendant correctly contends, the "removal of immunity . . . does not result in absolute liability to defendant because claimant is still required to prove the merits of his claim" (*Turley v State of New York*, Ct Cl, June 4, 2010, Hard, J., claim No. 111013, UID No. 2010-032-504; *see Moreno v State of New York*, Ct Cl, Apr. 5, 2001, Bell, J., claim No. 100335, UID No. 2001-007-551). "Where, as here, a prison inmate contends that he was wrongfully confined as a result of the flawed prison disciplinary proceeding, once the absolute immunity is removed by showing that the governing rules and regulations were not followed, he [or she] may recover damages if he [or she] is able to prove the traditional elements of the tort of [unlawful confinement]: (1) that the confinement was intentional; (2) that Claimant was conscious of the confinement; (3) that Claimant did not consent to the confinement; and (4) that the confinement was not otherwise privileged" (*Kilpatrick v State of New York*, Ct Cl, Dec. 2001, Patti, J., claim No. 100462, UID No. 2001-013-031, citing *Broughton v State of New York*, 37 NY2d 451, 456; *cf. Lamage v State of New York*, 31 Misc 3d 1205[A], 2010 NY Slip Op 52393[U], *2-3). "In other words, not every violation of the rules and regulations governing the imposition of prison discipline will result in liability on the part of the State; the rule violations merely remove the cloak of absolute immunity and make the State potentially liable, if liability would be imposed under common law tort principles" (*Kilpatrick*, claim No. 100462, UID No. 2001-013-031).

Here, there is no dispute concerning the first three elements of the unlawful confinement cause of action, and the dispositive issue is whether claimant established as a matter of law that the confinement was not otherwise privileged. He did not. "Absent any evidence that the [exculpatory evidence] . . . would have . . . changed the outcome of the hearing, the Court of Claims properly denied claimant's motion for partial summary judgment" (*Watson v State of New York*, 125 AD3d 1064, 1065; *cf. DuBois*, 25 Misc 3d at 1142).

Finally, we note that claimant improperly contends for the first time in his reply brief that the exculpatory evidence would have changed the outcome of the hearing, and we therefore do not address that contention (*see Przesiek v State of New York*, 118 AD3d 1326, 1327).

Entered: November 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court