# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**704**
**CA 15-00301**
PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

ANTHONY BOTTOM, CLAIMANT-APPELLANT,

                        V                           MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 121214.)

---

ANTHONY BOTTOM, CLAIMANT-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered January 2, 2015. The judgment denied and dismissed the claim against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant, a pro se prison inmate, appeals from a judgment denying and dismissing his claim seeking damages for anxiety and mental distress that he allegedly suffered while confined in the Special Housing Unit (SHU) of Attica Correctional Facility. On January 5, 2012, correction officers frisked claimant's cell, confiscated alleged contraband consisting of 14 photographs contained within claimant's photo album, and completed an inmate misbehavior report charging claimant with violating inmate rule 105.14 (7 NYCRR 270.2 [B] [6] [v] [unauthorized organization]). The photographs purportedly depict family members and friends of claimant at a memorial service for a deceased former member of the Black Panther Party. At the prison disciplinary hearing, claimant sought to call three employees of the Department of Corrections and Community Supervision as witnesses in his defense. Claimant explained that he expected those witnesses to testify that, when the photographs arrived at the correctional facility, they personally reviewed them, and that claimant was "allowed to have them." The Hearing Officer denied all three witnesses and considered as evidence only the inmate misbehavior report, the photographs themselves, and the testimony of a correction officer that the photographs depict an unauthorized organization. Claimant was thereafter found guilty of violating inmate rule 105.14 and sentenced to six months in the SHU. Claimant filed an administrative appeal contending, among other things, that the Hearing Officer's determination was not based on substantial evidence and that claimant was denied his due process right to call witnesses (*see* 7

NYCRR 254.5 [a]).  The determination was summarily reversed, and claimant was returned to the general inmate population after 66 days of being confined in the SHU.  Claimant thereafter commenced this action alleging that defendant had unlawfully confined him.

We agree with claimant that, under the circumstances of this case, the Court of Claims erred in concluding that defendant is afforded absolute immunity for the disciplinary determination of its Hearing Officer.  "It is well settled that, where, as here, the actions of correction personnel have violated the due process safeguards contained in 7 NYCRR parts 252 through 254, those actions '[will] not receive immunity' " (*Moustakos v State of New York*, 133 AD3d 1268, 1269, quoting *Arteaga v State of New York*, 72 NY2d 212, 221).  Those due process safeguards include the right to call witnesses at a disciplinary hearing unless the witnesses' testimony is immaterial or redundant, or puts institutional safety or correctional goals in jeopardy (*see* 7 NYCRR 254.5 [a]; *Matter of Texeira v Fischer*, 26 NY3d 230, 233-234, citing *Wolff v McDonnell*, 418 US 539, 556-558).  In ruling that the proffered testimony of claimant's witnesses was irrelevant, the Hearing Officer improperly limited the scope of the evidence and, as a result, failed to consider whether the alleged contraband "advocates either expressly or by clear implication, violence based upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against department employees or that could facilitate organizational activity within the institution" (7 NYCRR 270.2 [B] [6] [v]; *see generally Perez v Annucci*, 126 AD3d 1387, 1388; *Matter of Kimbrough v Fischer*, 96 AD3d 1251, 1252).  Thus, we conclude that the proffered testimony was material and relevant because it tended to support claimant's defense to the violation charged (*see generally People v Scarola*, 71 NY2d 769, 777).  Moreover, the testimony should have been permitted as evidence of mitigating circumstances relevant to the appropriate penalty (*see Matter of Coleman v Coombe*, 65 NY2d 777, 780; *Matter of Wilson v Coughlin*, 186 AD2d 1090, 1090-1091).

We nonetheless agree with defendant that claimant failed to prove a prima facie case of unlawful confinement inasmuch as he failed to present evidence that the testimony of his witnesses " 'would have . . . changed the outcome of the hearing' " (*Moustakos*, 133 AD3d at 1270; *see Watson v State of New York*, 125 AD3d 1064, 1065).  Finally, to the extent that claimant bases his claim on alleged violations of the First Amendment, the claim was properly dismissed inasmuch as the Court of Claims lacks jurisdiction to adjudicate federal constitutional torts (*see Lakram v State of New York*, 206 AD2d 568, 568; *DuBois v State of New York*, 25 Misc 3d 1137, 1138).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court