Encarnacion v State of New York (2022 NY Slip Op 01855)





Encarnacion v State of New York


2022 NY Slip Op 01855


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

529533
[*1]Bernabe Encarnacion, Appellant,
v
State of New York, Respondent.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Bernabe Encarnacion, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for respondent.



Lynch, J.
Appeal from an order of the Court of Claims (Martin, J.), entered May 21, 2019, which denied claimant's motion for summary judgment.
Claimant, an incarcerated individual, commenced a CPLR article 78 proceeding challenging a tier II disciplinary determination finding him guilty of violating a prison disciplinary rule, which resulted in him being keeplocked and sent to the special housing unit. That proceeding was subsequently dismissed as moot after the disciplinary determination was administratively reversed based upon the recommendation of the Attorney General that reversal was warranted on the ground that claimant was not provided with a tier assistant at the time of the disciplinary hearing in violation of 7 NYCRR 251-4.
Thereafter, in September 2014, claimant commenced this claim for monetary damages for, among other things, alleged wrongful confinement based upon being keeplocked and placed in the special housing unit as a result of the disciplinary proceeding. Following joinder of issue, claimant moved for summary judgment. Defendant opposed the motion on procedural and substantive grounds. The Court of Claims denied claimant's motion for summary judgment, finding that claimant's motion papers were deficient because the relevant answer was not included in support of the motion and, in any event, claimant had failed to allege sufficient facts to demonstrate his entitlement to summary judgment. Claimant appeals.
We affirm. "Generally, the movant's failure to include a copy of the pleadings in the papers supporting a motion for summary judgment requires summary denial of the motion" (Greene v Wood, 6 AD3d 976, 977 [2004] [internal quotation marks, brackets and citations omitted]; see CPLR 3212 [b]). The record reflects that claimant included with the summary judgment motion an answer dated January 9, 2014, which predates the filing of this claim. As claimant failed to comply with the requirement that the summary judgment motion be supported by copies of the pleadings (see CPLR 3212 [b]), we find no error in the Court of Claims denying claimant's motion for summary judgment on that basis (see Senor v State of New York, 23 AD3d 851, 852 [2005]; Greene v Wood, 6 AD3d at 977).
Moreover, notwithstanding the procedural defect in the motion, the Court of Claims properly found that claimant did not make a prima facie showing of his entitlement to summary judgment. "[T]he case law makes clear that the actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, defendant has absolute immunity for those actions" (Diaz v State of New York, 155 AD3d 1279, 1280 [2017] [internal quotation marks, brackets and citations omitted], lv dismissed and denied 30 NY3d 1101 [2018]; see Arteaga v State of New York, 72 NY2d 212, 218-220 [1988]; Miller v State of New York, 156 AD3d 1067, 1067[*2]-1068 [2017]). Although actions taken by correctional facility employees that violate rules and regulations that provide due process safeguards can result in the loss of absolute immunity (see Arteaga v State of New York, 72 NY2d at 221), such absence of an immunity defense does not equate to absolute liability to defendant (see Moustakos v State of New York, 133 AD3d 1268, 1269 [2015]). As such, even assuming, without deciding, that defendant is not entitled to absolute immunity, the fact that the underlying disciplinary determination here was administratively reversed does not entitle claimant to summary judgment as he is still required to establish the merits of his claim.
To that end, claimant failed to demonstrate his entitlement to summary judgment as a matter of law. To establish a claim for wrongful confinement, claimant must demonstrate "that: (1) defendant intended to confine him, (2) [he] was conscious of the confinement, (3) [he] did not consent to the confinement and (4) the confinement was not otherwise privileged" (Broughton v State of New York, 37 NY2d 451, 456 [1975]; see Moustakos v State of New York, 133 AD3d at 1269). The establishment of the first three elements of claimant's cause of action are not in dispute. Claimant failed, however, to demonstrate that the confinement was not otherwise privileged. In support of his motion for summary judgment, claimant alleged that, "because of [defendant's] failure[], the excessive confinement was not otherwise privileged." This conclusory allegation, without more, is insufficient to establish lack of privilege and his entitlement to summary judgment as a matter of law. Furthermore, claimant failed to present any evidence that the outcome of the hearing would have been different but for the alleged failure on the part of defendant (see Matter of Bottom v State of New York, 142 AD3d 1314, 1316 [2016], appeal dismissed 28 NY3d 1177 [2017]). In view of the foregoing, the denial of claimant's motion for summary judgment will not be disturbed. To the extent that claimant attempts to introduce, in support of his motion for summary judgment, that he was allegedly denied the right to call a witness at the disciplinary hearing, such argument was not included in his summary judgment motion and will not be considered for the first time on appeal (see Semzock v State of New York, 97 AD3d 1012, 1013 [2012]). Claimant's remaining contentions are without merit.
Garry, P.J., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.