Suarez v State of New York (2025 NY Slip Op 51800(U))

[*1]

Suarez v State of New York

2025 NY Slip Op 51800(U)

Decided on November 7, 2025

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
Court of Claims

Moses Suarez, Claimant,

against
The State of New York, Defendant.

Claim No. 139083

For Claimant:
Moses Suarez, Pro Se
For Defendant:
Hon. Letitia James, Attorney General of the State of New York
By: Charles Lim, Esq., Assistant Attorney General

Javier E. Vargas, J.

By Claim filed April 19, 2023, Claimant Moses Suarez (hereinafter "claimant"), an incarcerated individual, commenced the instant action against Defendant State of New York (hereinafter "State") to recover damages for his alleged wrongful confinement by the New York State Department of Corrections and Community Supervision (hereinafter "DOCCS") in violation of his Due Process Rights and the Humane Alternatives to Long-Term Solitary Confinement Act ("HALT Act") (Correction Law § 137). Issue was joined by the State's filing of a Verified Answer on March 31, 2023, denying a majority of the allegations, and raising six affirmative defenses, including that the State is not liable because the challenged actions were privileged as being judicial, quasi-judicial or discretionary determinations made by public officials acting within the scope of their DOCCS employment.
Prior motion practice by claimant resulted in a Decision and Order (Vargas, J.), filed April 12, 2024, wherein this Court denied the claimant's motion for summary judgment against the State, finding that there were triable issues of fact outstanding (see Suarez v State of New York, Claim No. 138093, M-99875 [Ct Cl, Vargas, J., Feb 29, 2024]). Shortly thereafter, by correspondence dated April 23, 2024, the Court notified claimant and the State that the matter will appear for a virtual trial using video conferencing technology at the Court of Claims for the [*2]New York City District on July 19, 2024, from Shawangunk Correctional Facility. Due to technical issues occurring throughout the Unified Court System, the trial did not go forward on July 19, 2024. Another letter dated September 15, 2025, scheduled the trial for November 6, 2025 from Eastern NY Correctional Facility, where claimant is currently housed.
On that day, the Claim was tried before the Court virtually via the Microsoft Teams application with claimant appearing from Eastern NY Correctional Facility, the State from Albany, New York, and the Court sitting in Manhattan. Faced with a self-represented claimant, the Court carefully explained to the parties the rules, procedures and burden of proof for the unified trial of both liability and damages. The Court took judicial notice of the Claim, the documents annexed to the Claim, and the Verified Answer (see People v Petgen, 55 NY2d 529, 536 [1982]; Pramer S.C.A. v Abaplus Intl. Corp., 76 AD3d 89, 102 [1st Dept 2010]), and admitted certain exhibits into evidence on consent. Claimant then provided testimonial and documentary evidence, and was cross-examined by the State. After claimant rested, the State presented its case with documentary evidence and the testimony of DOCCS Capt. Mario Panzarella, who had conducted the underlying Tier III Hearing against claimant. Both parties rested, the State made an oral motion to dismiss the Claim and claimant opposed it and summed up.
Following a recess to deliberate, the Court rendered a decision on the record in open court, denying the State's trial motion to dismiss the Claim, and finding that claimant established by a fair preponderance of the credible evidence a partial wrongful confinement. It is well-settled that the actions of prison personnel involving incarcerated individuals' disciplinary matters "constitute discretionary conduct of a quasi-judicial nature for which the State has absolute immunity," unless they exceed the scope of their authority or violate applicable rules (Arteaga v State of New York, 72 NY2d 212, 214 [1988]; see Bottom v State of New York, 142 AD3d 1314 [4th Dept 2016]). One of those rules is the HALT Act, which specifically provides that DOCCS "may place a person in segregated confinement for up to three consecutive days and no longer than six days in any thirty[-]day period if, pursuant to an evidentiary hearing, it determines that the person violated department rules which permit segregated confinement," but if the person committed certain enumerated offenses, for "no more than fifteen consecutive days" (Correction Law §§137[6][i][ii], [6][k][i]; see McCullough v State of New York, UID No. 2024-060-048 [Ct Cl, Mejias-Glover, J., Mar. 11, 2024]). 
Here, the Court found that claimant's credible testimonial and documentary evidence sufficiently established a violation of the HALT Act as the State wrongfully confined him in violation of the Act for more than six days [FN1]
in segregated confinement, without any consideration of the seriousness or dangerousness of that misbehavior. DOCCS's imposition of a 45-day penalty for the smuggling offense fell outside the statutory framework. The record further established that claimant's five-day pre-hearing confinement was included in his hearing disposition as part of his 45-day penalty, but that no Due Process violation was demonstrated in [*3]conducting the Tier III hearing for his underlying Inmate Misbehavior Report (see Arteaga v State of New York, supra; Laret v State of New York, 106 AD3d 1159 [3rd Dept 2013]). 
Based on the record presented and in view of the relevant case law surrounding damages for wrongful confinement, claimant is hereby awarded the sum of $50 per day for each of the 39 days (45 days sentence minus six days maximum) he spent in wrongful confinement, for a total of $1,950.00, as reasonable and fair compensation (see Taylor v State of New York, 191 AD3d 915 [3d Dept 2021]; McCullough v State of New York, UID No. 2024-060-048).
Therefore, in accordance with the decision placed on the record, the Court denies the State's oral motion to dismiss, finds liability against the State, and awards damages to claimant in the amount of $1,950.00, with interest from November 6, 2025, the date of the liability determination. To the extent that claimant had paid a filing fee, it may be recovered pursuant to Court of Claims Act § 11-a(2). All motions not previously determined are hereby denied. Let judgment be entered accordingly.
Dated: November 7, 2025
New York, New York
Hon. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1:Although the Court had determined in its oral decision that claimant was entitled to 25 days of compensation, a closer reading of the HALT Act reveals that he should have been confined in SHU "no longer than six days" and the total period has been adjusted accordingly to reflect 39 days of compensation (Correction Law § 137[6][k][i]).