Flow v State of New York (2026 NY Slip Op 50359(U))

[*1]

Flow v State of New York

2026 NY Slip Op 50359(U)

Decided on March 6, 2026

Court Of Claims

Richardson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Court of Claims

Charlie Flow, Claimant,

againstThe State of New York, Defendant.

Claim No. 130898

For Claimant:Charlie Flow, Pro SeFor Defendant:Letitia James, New York State Attorney General 
By Elizabeth Gavin, Esq., Assistant Attorney General

Edwina G. Richardson, J.

Claimant Charlie Flow, proceeding pro se, filed this claim for wrongful confinement on January 15, 2018. Claimant seeks $5,995.00 in damages from Defendant the State of New York for allegedly wrongfully confining him to his cell at Green Haven Correctional Facility between September 21, 2017, and November 3, 2017 (43 days). For the reasons below, the claim is dismissed.
I. RELEVANT FACTSThe Court conducted a trial on October 14, 2025, via Microsoft Teams, with the Court presiding in Manhattan, New York. Claimant appeared from Green Haven Correctional Facility. The Assistant Attorney General appeared from her work location.
The Court admitted the following items into evidence without objection from Defendant:
Claim
Claim Exhibit A — "Inmate Misbehavior Report"
Claim Exhibit B — Cell Frisk/Contraband Receipt
Claim Exhibit C — "Superintendent Hearing Disposition Rendered"
Claim Exhibit D — "SYSM Inbasket Print" correspondence log
Claimant, proceeding pro se, was sworn in and testified on his own behalf. He testified that he was confined to his cell after an incident on September 21, 2017. Claimant stated that it [*2]took 42 days for Defendant to conclude the hearing and that this matter "could have been resolved" sooner.[FN1]
He testified that, as a result of this confinement, he missed religious services and other privileges and could not call his family. Claimant described the experience as "incredibly stressful."
Defendant moved to dismiss the claim, arguing that Claimant failed to meet his burden of establishing wrongful confinement. Defendant stated that the confinement period in question was a pre-hearing confinement connected to a disciplinary matter pursuant to Department of Corrections and Community Supervision (DOCCS) regulation 7 NYCRR § 251-1.6(a) and is therefore afforded immunity. Defendant submitted that while such immunity can be lost if there is a finding that a prison official failed to comply with DOCCS regulations, Claimant has not indicated which regulation was violated. Defendant acknowledged that Claimant was ultimately found not guilty but maintained that his pre-disposition confinement was privileged.
Claimant opposed the motion, stating he was entitled to have his matter "resolved in a certain period of time" and that the officer "knowingly brought false information" to confine him.
The Court reserved decision on Defendant's motion to dismiss the claim.
II. ANALYSISTo establish a prima facie case for wrongful confinement, a claimant must show that 1) the defendant intended to confine the claimant, 2) the claimant was conscious of the confinement, 3) the claimant did not consent to the confinement, and 4) the confinement was not privileged (see Rodgers v State, 78 Misc 3d 454, 457 [Ct Cl 2022]).
Claimant's testimony and the evidence before the Court establish that Defendant intended to confine Claimant following the September 21, 2017, incident (see Exhibit D [SYSM Inbasket correspondence log]); that Claimant was conscious of the confinement; and that he did not consent to the confinement. The determinative question, then, is whether the confinement was privileged.
Correctional facility employees' actions in conducting "formal disciplinary proceedings—including issuing misbehavior reports, conducting hearings, rendering dispositions, and placing incarcerated persons in punitive confinement—'constitute discretionary conduct of a quasi-judicial nature for which the State has absolute immunity'" when the employee acts "under the authority of and in full compliance with" the law (Rodgers, 78 Misc 3d at 457, quoting Arteaga v State of New York, 72 NY2d 212, 214 [1988]). Absolute immunity attaches if the correctional facility employees act under the color of and in full compliance with applicable rules and regulations (see id. at 457; Padilla v State of New York, Ct Cl, Apr 2, 2025, Marnin, J., claim No. 135182, UID No. 2025-069-022). Absolute immunity is lost "if a correction officer violates governing statutes or regulations, exceeds the scope of his or her authority, or fails to implement required due process safeguards" (Moreland v State of New York, 200 AD3d 1362, 1364 [3rd Dept 2021]).
The testimony and evidence before the Court show that the correctional facility employees' actions were connected to formal disciplinary proceedings against Claimant and therefore privileged. The hearing disposition shows that Claimant's hearing began on September [*3]27, 2017, and concluded on November 3, 2017, with Claimant being found not guilty on all charges (Claim Exhibit C). Claimant did not argue that DOCCS' employees exceeded the scope of their authority or specify any rules that Defendant violated.[FN2]
While Claimant argued at trial that he was entitled to a faster hearing process, the Court cannot infer a rule violation from this argument (see Rodgers, 78 Misc 3d at 458 ["the court cannot infer that any rule violation necessarily occurred"]).[FN3]

Further, Claimant did not testify, and the evidence does not show, that Claimant was detained past the hearing disposition date (see Rodgers, 78 Misc 3d at 458 [awarding damages for wrongful confinement after the claimant received a favorable disposition]).
Accordingly, the Court finds that Claimant failed to establish a claim for wrongful confinement and grants Defendant's motion to dismiss.
III. CONCLUSIONDefendant's motion to dismiss the claim is hereby GRANTED and claim number 130898 is DISMISSED.
Any and all other evidentiary rulings and motions upon which the Court previously reserved decision or has not previously issued a determination are hereby DENIED.
Let judgment be entered accordingly.
Dated: March 6, 2026New York, New YorkHon. Edwina G. RichardsonJudge of the Court of Claims

Footnotes

Footnote 1:Unless otherwise indicated, all quotations are to the Court's audio recording of the trial held on October 14, 2025.

Footnote 2:Regarding Claimant's stating that he was entitled to a faster hearing process, this Court's limited subject matter jurisdiction does not permit review of this argument (see Penn-Parks v State of New York, Milano, J., Ct Cl, Feb. 23, 2015, claim No. 125214, UID No. 2015-041-018 [explaining Court of Claims' jurisdiction is "invoked where money damages are the essential object of the claim."]). Instead, Claimant must bring a CPLR article 78 proceeding in Supreme Court (see e.g., id.; Green v State of New York, 90 AD3d 1577, 1578-1579 [4th Dept 2011], lv dismissed in part and denied in part, 18 NY3d 901 [2012]).

Footnote 3:Even if Claimant had argued a rule violation, he would still need to prove he was wrongfully confined because "not every violation of the rules and regulations . . . will result in liability on the part of the State" (Moustakos v State of New York, 133 AD3d 1268, 1269 [4th Dept 2015]).