■ RONALD HOLLOWAY, Appellant, v STATE OF NEW YORK, Respondent. [728 NYS2d 567] —Cardona, P. J. Appeal from an order of the Court of Claims (McNamara, J.), entered May 26, 2000, which, *inter alia*, granted the State's motion for summary judgment dismissing the claim.

Claimant commenced this action to recover damages for his alleged wrongful confinement in a special housing unit as the result of a prison disciplinary determination that was annulled by this Court based upon the lack of compliance with a directive of the Department of Correctional Services allowing inmates to observe cell frisks under certain circumstances (*see, Matter of Holloway v Lacy*, 263 AD2d 740).* Following joinder of issue, the parties cross-moved for summary judgment. The Court of Claims granted the State's motion dismissing the claim, resulting in this appeal.

It is well settled that actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, the State has absolute immunity for those actions (*see, Arteaga v*

---

* The directive provides that when a search of a general confinement housing unit cell is conducted and the inmate is removed from the cell prior to the search, the inmate shall be placed outside the immediate area to be searched but allowed to observe the search unless the inmate presents a danger to the safety and security of the facility (*see, Matter of Gonzalez v Wronski*, 247 AD2d 767, 768).

*State of New York*, 72 NY2d 212, 214, 218-220). Claimant contends that absolute immunity does not apply herein based on the correction officers' alleged failure to comply with the relevant directive when frisking his cell.

We disagree. The cell frisk clearly fell within "the 'formidable tasks' of maintaining order and security in correctional facilities and protecting the safety of inmates and employees" (*id.*, at 217). In conducting the frisk and deciding whether to allow claimant to observe it, the correction officers were obligated to make a "discretionary decision[ ] in furtherance of general policies and purposes where the exercise of reasoned judgment can produce different acceptable results" (*id.*, at 219). Under these circumstances, "it is particularly important that correction officers not be dissuaded by the possibility of litigation from making the difficult decisions which their duties demand" (*id.*, at 220). Accordingly, while the correction officers who frisked claimant's cell may have abused their discretion by not allowing him to observe the frisk, thereby providing the basis for this Court's judgment annulling the disciplinary determination, the correction officers conducting the frisk were nevertheless exercising a discretionary authority for which the State has absolute immunity (*see, id.*, at 214). We further note that there is insufficient evidence in this record of any violation of Correction Law § 112 or § 137 or 7 NYCRR parts 250-254 (*see, id.*).

Finally, despite claimant's argument to the contrary, the State cannot be held liable in damages based upon his alleged unlawful imprisonment in the special housing unit for 180 days following the determination of guilt. There is no proof that the Hearing Officer violated any rules or regulations in conducting the hearing. Thus, the Department's action in confining claimant was authorized and within the scope of the full immunity accorded quasi-judicial discretionary actions (*see, id.*, at 220; *Davis v State of New York*, 262 AD2d 887, *lv denied* 93 NY2d 819).

Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.