OPINION OF THE COURT
Stephen J. Mignano, J.
This claim by a pro se prisoner alleges that a lieutenant at Bedford Hills Correctional Facility (hereinafter Bedford Hills) *662 opened claimant’s “outside” mail without authorization from the Bedford Hills Superintendent in violation of Department of Correctional Services (hereinafter DOCS) rules and regulations. The trial of this matter was held at Bedford Hills on September 20, 2001.
Claimant testified that Lieutenant Looney, an officer at Bed-ford Hills, opened her mail without authorization from the Bedford Hills Superintendent as required by DOCS regulations; that she was issued a misbehavior report; that a disciplinary hearing was held at which she was found guilty of the charge of “Kiting Mail” (see exhibit 1, at 1) and confined to keeplock for a period of five days. Claimant further stated that the decision of the hearing officer was reversed on administrative appeal and the matter was expunged from her record (see exhibit 1, at 3). On cross-examination, claimant stated that the incident occurred on May 23, 2000, the hearing was started on June 1, 2000 and completed on June 7, 2000. She further stated that the five days’ keeplock time was served from June 18 to June 23, 2000.
The claim asserts causes of action for wrongful confinement and violation of claimant’s Federal constitutional rights. At trial, the court dismissed claimant’s Federal rights causes of action as the court lacks jurisdiction over such matters (see Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying, 83 AD2d 723, affd 56 NY2d 656; Davis v State of New York, 124 AD2d 420).
DOCS regulation 720.3 (e) (7 NYCRR 720.3 [e]) provides that:
“[ojutgoing correspondence shall not be opened, inspected or read without express written authorization from the facility superintendent.”
The regulation then goes on to provide a standard for obtaining such authorization only where “there is a reason to believe” that a law or directive has been violated (7 NYCRR 720.3 [e] [1]).
Claimant testified, without contradiction, that a State employee opened her outgoing correspondence without the authorization from the Bedford Hills Superintendent in violation of 7 NYCRR 720.3 (e). Defendant relies on Arteaga v State of New York (72 NY2d 212), claiming the immunities found therein shield it from liability for this regulatory violation. We find this reliance misplaced.
*663 In Arteaga v State of New York (supra), the Court of Appeals held the State absolutely immune from liability in the area of prison discipline when its employees act under the authority of, and in full compliance with, the statutes and regulations and their actions constitute discretionary conduct of a quasi-judicial nature. There can be no doubt that the absolute immunity defined in Arteaga applies to any discretionary action, even where the reasons may not be verbalized or documented.
In Holloway v State of New York (285 AD2d 765), claimant sought damages for an alleged wrongful confinement as a result of a disciplinary determination which was reversed based upon lack of compliance with a DOCS directive allowing inmates to observe all frisks under certain circumstances. The directive provides that an inmate be allowed to watch the search of his/ her cell unless the inmate presents a danger to the safety and security of the facility.
Claimant in Holloway (supra) asserted that the absolute immunity of Arteaga did not apply due to the correction officer’s failure to comply with the relevant directive when frisking his cell (see Holloway v State of New York, supra at 766). Judge Thomas McNamara dismissed the case and the Third Department affirmed, holding:
“while the correction officers who frisked claimant’s cell may have abused their discretion by not allowing him to observe the frisk, thereby providing the basis for this Court’s judgment annulling the disciplinary determination, the correction officers conducting the frisk were nevertheless exercising a discretionary authority for which the State has absolute immunity (see, id., at 214)” (Holloway v State of New York, supra at 766).
However, there is a crucial difference in the instant matter. The regulation in Holloway gave discretion to correction officers to determine whether the inmate posed a danger to the safety and security of the facility. This discretion was sufficient to invoke immunity under Arteaga. Here, the regulation at issue (7 NYCRR 720.3 [e]) prohibits the opening of outgoing mail without the consent of the facility superintendent and the officer has no discretion to vary this regulatory requirement. The officer who opened claimant’s mail did so in violation of DOCS regulations and, absent that violation, a misbehavior report would not have been issued or a disciplinary hearing held. Claimant had a regulatory right to not have her outgoing mail *664 opened without authorization of the facility superintendent.* Thus, the officer violated the directive in opening claimant’s mail and instituting disciplinary proceedings based solely upon this unauthorized search. The superintendent’s hearing decision was reversed because the hearing officer failed to make inquiry into the “mail watch authorization” (see exhibit 1, at 2). It appears to the court that the hearing officer’s determination was reversed because the hearing officer improperly admitted the evidence which was the basis for claimant’s conviction and sentence to the Special Housing Unit. Claimant’s disciplinary hearing was tainted by violation of the regulatory protections afforded her in admitting improperly obtained evidence. The claim thus addresses not just the violation of claimant’s regulatory rights regarding the opening of her mail, but also the impingement of her due process rights at the hearing when the tainted evidence was admitted (see Fontenot v State of New York, claim No. 97516, Corbett, Jr., J., filed Feb. 27, 2001), directly resulting in wrongful confinement of claimant. The absolute immunity which shields the disciplinary proceeding itself cannot be extended, post hoc, to cover the violation which initiated the entire series of events.
The court awards claimant $15 per day for five days for a total of $75 and that to the extent claimant has paid a filing fee, it may be recovered pursuant to Court of Claims Act § 11-a (2).

 It is noted that analysis of any constitutional right claimant may or may not have had in regard to the search and seizure is unnecessary. Rather, this decision is based solely upon the regulatory scheme set up by DOCS which provided an analogous limitation on the facility’s ability to search outgoing mail and an analogous “probable cause” standard for the issuance of a superintendent’s order to allow same.