■ PAUL VASQUEZ, Appellant, v STATE OF NEW YORK, Respondent. [782 NYS2d 294]—

Rose, J. Appeal from an order of the Court of Claims (Lebous, J.), entered December 8, 2003, which, inter alia, granted defendant's cross motion for summary judgment dismissing the claim.

Claimant, an inmate at a state correctional facility, was charged in a misbehavior report with failing to promptly report an injury or illness. The report was incorrectly designated for disposition by means of a tier III disciplinary hearing. At the conclusion of such hearing, claimant was found guilty of the charge and assessed a penalty of 45 days in keeplock, with 15 days suspended, 30 days' loss of commissary, suspended for 60 days, and 30 days' loss of phone privileges. The determination, however, was subsequently reversed upon administrative appeal. Thereafter, claimant filed this claim, alleging that the misdesignation of the misbehavior report as a tier III disciplinary matter resulted in his illegal confinement entitling him to damages in the amount of $4,500. Following service of defendant's answer, claimant moved for summary judgment and to strike certain affirmative defenses. Defendant, in turn, cross-moved for summary judgment dismissing the claim. The Court of Claims granted defendant's cross motion, resulting in this appeal.

We affirm. Inasmuch as the regulations provide that a misbehavior report charging a violation of the disciplinary rule requiring inmates to promptly report illness or injury may be classified by the review officer as either a tier I or a tier II disciplinary matter (see 7 NYCRR 251-2.2 [b]; 7 NYCRR 270.2 [B] [19] [v]), and the penalty served of 30 days in keeplock was appropriate for a tier II disciplinary disposition (see 7 NYCRR 251-2.2 [b] [2]), claimant suffered no prejudice as a result of the misdesignation. Accordingly, we decline to disturb the order of dismissal.

Spain, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.