■ CHANEL SENOR, Appellant, v STATE OF NEW YORK, Respondent. [803 NYS2d 823]—

Crew III, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered May 10, 2004, which, inter alia, denied claimant's motion for summary judgment.

Claimant, a prison inmate, allegedly exacerbated a preexisting back injury in October 2003 while using a jackhammer as part of his facility work detail. When claimant refused further participation in the work detail, he was placed in keeplock. Claimant thereafter filed the instant claim alleging that defendant's agent was negligent in ordering him to use the subject jackhammer and in wrongfully confining him to keeplock. Following service of defendant's answer, claimant moved for, inter alia, summary judgment. The Court of Claims denied claimant's motion finding, among other things, that claimant's motion papers were deficient. This appeal by claimant ensued.

We affirm. Preliminarily, it appears that claimant's moving papers did not include the relevant pleadings and, as such, his motion for summary judgment was properly denied in its entirety on that ground alone (see Bonded Concrete v Town of Saugerties, 3 AD3d 729, 730 [2004], lv dismissed 2 NY3d 793 [2004]). Moreover, while the record contains copies of prescriptions for various medications provided to claimant and portions of his ambulatory health record, there simply is nothing in the record to support claimant's assertion of a preexisting back injury, nor is there any evidence that the October 2003 incident exacerbated any such injury. Absent such proof, claimant's motion for summary judgment as to his negligence claim was properly denied.

We reach a similar conclusion with regard to the wrongful confinement claim. Although defendant no longer opposes claimant's motion to the extent that it seeks summary judgment on the issue of liability for wrongful confinement in excess of seven days, claimant is arguing that his confinement was wrongful in its entirety, and there remain questions of fact on that point as well as what damages, if any, were suffered by claimant as a result. Accordingly, summary judgment was appropriately denied as to this portion of the underlying claim as well.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.