■ Dontie S. Mitchell, Appellant, v State of New York, Respondent. [819 NYS2d 617]—

Mercure, J.P. Appeal from an order of the Court of Claims (Hard, J.), entered April 7, 2005, which granted defendant's motion for summary judgment dismissing the claim.

Claimant, a prison inmate, was found guilty of violating certain prison disciplinary rules following two disciplinary hearings conducted while he was housed at Sing Sing Correctional Facility in Westchester County and a penalty including 7½ months of keeplock was imposed. Claimant served a portion of his keeplock penalty at Sing Sing until his transfer to Upstate Correctional Facility in Franklin County, where he was admitted to the special housing unit (hereinafter SHU). Claimant subsequently commenced this action against defendant, seeking money damages as a result of his alleged wrongful confinement to SHU at Upstate. Claimant alleged that his confinement to SHU was improper because it constituted a more severe punishment than keeplock. He further claimed that the Department of Correctional Services' interpretation and application of 7 NYCRR 301.6 are irrational and unreasonable. The Court of Claims granted defendant's motion for summary judgment dismissing the claim and claimant now appeals.

Initially, we note that defendant is immune from liability for the actions of employees of the Department of Correctional Services concerning the discipline of inmates if the employees act under the authority of and in compliance with the governing

statutes and regulations (*see Arteaga v State of New York*, 72 NY2d 212, 214, 218-220 [1988]; *Holloway v State of New York*, 285 AD2d 765, 765 [2001]). Here, 7 NYCRR 301.6 (a) (2) permits keeplock status inmates to be placed in SHU at Upstate. Moreover, in support of its motion for summary judgment, defendant submitted the affidavit of the Director of Special Housing and Inmate Disciplinary Programs, which sets forth the logistical concerns underlying the implementation of this provision and provides a reasonable basis for the challenged action. Accordingly, we conclude that the Court of Claims properly granted defendant's motion for summary judgment dismissing the claim.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.