■ CHESTER DAVIDSON, Appellant, v STATE OF NEW YORK, Respondent. [887 NYS2d 277]—

Mercure, J.P. Appeal from an order of the Court of Claims (Milano, J.), entered August 28, 2008, which, among other things, granted summary judgment in defendant's favor and dismissed the claim.

Claimant, a prison inmate, was involved in an altercation with another inmate and was immediately confined to the special housing unit (hereinafter SHU). Although he was found

guilty of violating two prison rules following a tier III disciplinary hearing, the Hearing Officer's guilty determination was overturned on administrative appeal. Claimant commenced this action seeking monetary damages for his alleged wrongful confinement in the SHU. The Court of Claims denied claimant's motion for summary judgment and, sua sponte, granted summary judgment to defendant and dismissed the claim. Claimant now appeals.

Preliminarily, we observe "that actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, [defendant] has absolute immunity for those actions" (*Holloway v State of New York*, 285 AD2d 765, 765 [2001]). Claimant contends that absolute immunity does not apply herein because his tier III disciplinary hearing was untimely under the relevant regulation, and because he was allegedly confined to the SHU for 31 days despite the Hearing Officer's imposition of a 30-day confinement penalty. We disagree and affirm.

As relevant here, a disciplinary hearing should be held within seven days of an inmate's confinement for a disciplinary infraction (*see* 7 NYCRR 251-5.1 [a]). Nevertheless, the time requirements set forth in 7 NYCRR 251-5.1 are directory, not mandatory, and an inmate must demonstrate prejudice as a result of any delay prior to the commencement of such a hearing (*see Matter of Bilbrew v Goord*, 33 AD3d 1107, 1108 [2006]). Here, although claimant's disciplinary hearing concededly occurred eight days after his initial confinement, the record lacks any evidence that claimant suffered prejudice from the one-day delay such that a violation of the regulation giving rise to a cause of action can be deemed to have occurred (*see Matter of Chaney v Goord*, 26 AD3d 605, 606-607 [2006]).

Claimant's remaining contention is similarly unavailing. He was confined to the SHU on August 15, 2007, the same day that the altercation took place. Inasmuch as that day is not considered when calculating the length of his penalty, he was appropriately released after 30 days on September 14, 2007 (*see* General Construction Law § 20; *see generally Matter of Vasquez v Goord*, 14 AD3d 903, 904 [2005]). Accordingly, the Court of Claims properly awarded summary judgment to defendant and dismissed the claim (*see Mitchell v State of New York*, 32 AD3d 594, 595 [2006]; *Vasquez v State of New York*, 10 AD3d 825, 826 [2004]).

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.