█ ONEWEST BANK, FSB, Respondent, v CAROL A. SLOWEK et al., Appellants. [982 NYS2d 193]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 28, 2012 in Saratoga County, which denied defendants' motion for renewal.

Plaintiff commenced this mortgage foreclosure action and, although defendants defaulted, the default judgment was vacated by stipulation in September 2011. Defendants then answered and eventually made a motion to, among other things, compel discovery. Plaintiff cross-moved to discontinue the action without prejudice and defendants did not submit papers in opposition to the cross motion, which was returnable on April 6, 2012. On April 19, 2012, Supreme Court granted plaintiff's cross motion and denied defendants' motion as moot. In May 2012, defendants moved pursuant to CPLR 2221 for renewal regarding both motions. Supreme Court denied the motion and defendants appeal.

Finding no abuse of discretion, we affirm. "Motions for leave to renew are left to the sound discretion of the trial court" (*Matter of City of New York v New York State Pub. Empl. Relations Bd.*, 103 AD3d 145, 152 [2012], *lv denied* 21 NY3d 855 [2013] [citations omitted]) and such motions are "not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance" (*Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1303 [2007]). Here, defendants failed to submit any opposition to plaintiff's cross motion to discontinue. Defendants indicated in their motion to renew that there had been communication with plaintiff's counsel regarding an adjournment and additional time to respond. However, the court

found this excuse unavailing since no effort had been made to notify the court of such communication or to seek an adjournment from the court. Defendants did not object at the time the cross motion was made to the short time for responding nor did they indicate to the court that additional time was needed to respond.

Moreover, Supreme Court determined that, in any event, defendants had not established that discontinuance would cause them prejudice (*see Urbonowicz v Yarinsky*, 290 AD2d 922, 923 [2002]; *Christenson v Gutman*, 249 AD2d 805, 806 [1998]). It noted in such regard that defendants can continue to reside in the mortgaged premises pending another action and that, if a new foreclosure action is commenced, defendants will have the same rights as were available in the discontinued action. The remaining arguments have been considered and are unpersuasive.

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.