Rose, J.
Appeal from an order of the Court of Claims (Schaewe, J.), entered May 17, 2013, which denied claimant’s motion for partial summary judgment.
Claimant, an inmate, was charged with lewd conduct in a *1065 2012 misbehavior report and found guilty as charged after a hearing. The Hearing Officer imposed a penalty of six months in the special housing unit and six months of loss of privileges. On administrative appeal, claimant argued, among other things, that the Hearing Officer improperly denied his request to call as a witness a chaperone who was leading a tour group of visitors at the time of the incident. The determination was reversed, and claimant filed this claim alleging several causes of action, including wrongful confinement in the special housing unit. Following joinder of issue, claimant moved for partial summary judgment, arguing, as relevant here, that he was denied his right to call the chaperone as a witness during the hearing without a valid reason, in violation of 7 NYCRR 254.5 (a). The Court of Claims denied the motion and claimant now appeals.
We affirm. An inmate has no right to call a witness to provide testimony that is immaterial or redundant (see 7 NYCRR 254.5 [a]; Matter of Miller v Captain Brereton, 98 AD3d 824, 825 [2012]). Here, petitioner alleged in his claim that he sought the chaperone’s testimony on the ground that she was present and could have testified that he did not perform the actions alleged by the correction officer who authored the misbehavior report. The Hearing Officer denied petitioner’s request to call the witness on the ground that the chaperone was not an employee of the Department of Corrections and Community Supervision and, thus, was not required to testify. While this reasoning and the failure to attempt to obtain the witness’s testimony may have been erroneous (see Matter of Alvarez v Goord, 30 AD3d 118, 121 [2006]), petitioner has not established prejudice inasmuch as two additional correction officers who were also with the tour group testified that they did not see claimant doing anything inappropriate. Absent any evidence that the chaperone’s testimony would have differed in any meaningful respect from that of the two additional correction officers or otherwise changed the outcome of the hearing, the Court of Claims properly denied claimant’s motion for partial summary judgment (see Senor v State of New York, 23 AD3d 851, 852 [2005]; Vasquez v State of New York, 10 AD3d 825, 826 [2004]; see also Davidson v State of New York, 66 AD3d 1089, 1090 [2009]).
McCarthy, J.R, Egan Jr. and Devine, JJ., concur. Ordered that the order is affirmed, without costs.