■ CALVIN DALLAS, Appellant, v STATE OF NEW YORK, Respondent. [59 NYS3d 853]—

Mulvey, J. Appeals (1) from an order of the Court of Claims (Schaewe, J.), entered July 25, 2014, which, among other things, granted defendant's cross motion for summary judgment dismissing the claim, and (2) from an order of said court, entered April 14, 2016, which, among other things, denied claimant's motion for leave to renew.

Claimant is an inmate in the custody of the Department of Corrections and Community Supervision serving a prison term for his convictions in 2004 of sodomy in the second degree. Upon claimant's receipt of a $75 money order, prison officials withheld a portion of the funds toward the satisfaction of, as is relevant to this appeal, an unsatisfied court-ordered restitution stemming from a 1997 burglary conviction—the prison term of which he had already served. After claimant's grievance challenging the encumbrance was denied, he commenced this claim alleging that prison officials unlawfully collected such funds from his inmate account. Following joinder of issue, claimant moved for summary judgment and defendant cross-moved for summary judgment dismissing the claim. The Court of Claims

granted defendant's cross motion. Thereafter, claimant moved for, among other things, leave to renew, seeking to submit additional documents. The Court of Claims, among other things, denied the motion for renewal. Claimant appeals from the order granting defendant summary judgment and from that part of the order denying his motion for leave to renew.

The Court of Claims did not err in denying claimant's summary judgment motion and granting defendant's cross motion. In order to prevail on his motion, claimant was required to demonstrate that defendant's encumbrance and removal of funds from claimant's inmate account was unauthorized, thereby constituting conversion (*see generally Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]; *Salatino v Salatino*, 64 AD3d 923, 925-926 [2009], *lv denied* 13 NY3d 710 [2009]). Claimant alleges that there was no authority to encumber and withdraw any money from the $75 money order for restitution because no restitution was ordered in connection with his current prison term, and the unpaid portion of the court-ordered restitution in connection with the 1997 burglary conviction was waived upon the expiration of the prison term stemming from that conviction. It is undisputed that claimant was ordered to pay restitution pursuant to his 1997 burglary conviction and that the payments were ordered to be paid through the Dutchess County Department of Probation. The restitution order appears facially valid and its validity is not subject to review in this claim. Further, claimant offers no support for his assertion that the restitution order expired upon completion of the underlying term of imprisonment. As such, claimant failed to meet his initial burden to "make a prima facie showing of entitlement to judgment as a matter of law" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see generally Silipo v Wiley*, 138 AD3d 1178, 1181 [2016]).

In contrast, defendant met its burden on the cross motion for summary judgment. Specifically, the restitution order resulting from the 1997 burglary conviction was forwarded to prison officials by the agency ordered to collect the restitution funds. Further, the directive of the Department of Corrections and Community Supervision authorizes, upon notification of a restitution order, that an inmate's account be encumbered and funds collected at a specified rate. In accordance with that directive, prison officials collected 50% of the outside funds received by claimant, totaling $37.50. As defendant made a prima facie showing that the collection of the funds was authorized, and claimant failed to present any evidence to raise a

triable issue of fact regarding such authorization, the Court of Claims properly granted defendant's cross motion for summary judgment dismissing the claim (*see Jackson v State of New York*, 94 AD3d 1166, 1168 [2012]; *see also Matter of Nardi v LeFevre*, 235 AD2d 602, 603 [1997], *lv denied* 89 NY2d 817 [1997]).

Finally, we find no abuse of discretion in the Court of Claim's denial of claimant's motion for leave to renew for the purpose of submitting additional documentation (*see generally Onewest Bank, FSB v Slowek*, 115 AD3d 1083, 1083 [2014]; *Johnson v State of New York*, 95 AD3d 1455, 1456 [2012]).

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the orders are affirmed, without costs.