■ QUASHON MILLER, Appellant, v STATE OF NEW YORK, Respondent. [68 NYS3d 161]—

Pritzker, J. Appeal from an order of the Court of Claims (McCarthy, J.), entered April 18, 2016 which, among other things, denied claimant's motion for summary judgment.

Claimant, a prison inmate, was keeplocked after his urine twice tested positive for the presence of cannabinoids and, following a prison disciplinary hearing, was found guilty of drug use. The Hearing Officer imposed a penalty of, among other things, three months in keeplock. On administrative appeal, the determination was reversed on the ground that the hearing was not commenced in a timely manner. Thereafter, claimant, who had spent 76 days in keeplock, commenced this action for monetary damages for his alleged wrongful confinement. Following joinder of issue, claimant moved for summary judgment and defendant cross-moved for summary judgment. The Court of Claims, finding that a question of fact existed as to when the hearing was commenced, denied both motions. Claimant appeals.

The Court of Claims did not err in finding that claimant failed to make a prima facie showing of his entitlement to judgment as a matter of law. It is well-settled "that actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, defendant has absolute immunity for those actions" (*Davidson v State of New York*, 66 AD3d 1089, 1090 [2009] [internal quotation marks, brackets and citation omitted]; *see Arteaga v State of New York*, 72 NY2d 212, 214 [1988]). Although 7 NYCRR 251-5.1 (a) directs that a disciplinary hearing should be held within seven days of an inmate's confinement, such "time requirements . . . are directory, not mandatory, and an inmate must demonstrate prejudice as a result of any delay prior to the commencement of such a hearing" (*Davidson v State of New York*, 66 AD3d at 1090).

Here, even assuming that the hearing was delayed by one

day, claimant failed to establish any prejudice as a result of the delay or that, but for the delay, the outcome of the hearing would have been different such that a cause of action based upon the violation of the pertinent regulation was deemed to occur (*see Bottom v State of New York*, 142 AD3d 1314, 1316 [2016], *appeal dismissed* 28 NY3d 1177 [2017]; *Davidson v State of New York*, 66 AD3d at 1090). In other words, defendant retained its immunity absent a showing of prejudice resulting from the alleged delay in conducting the hearing. To the extent that claimant asserts that drug testing directives were violated, they do not relate to the due process concerns of the hearing and do not serve as a basis for the wrongful confinement cause of action. In view of the foregoing, we agree with defendant that, based upon its absolute immunity, its cross motion for summary judgment should have been granted* and the claim should be dismissed in its entirety.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion; cross motion granted, summary judgment awarded to defendant and claim dismissed; and, as so modified, affirmed.

---

* Even though defendant did not appeal, this Court has the "authority to search the record and grant summary judgment to a nonmoving or nonappealing party" (*Matter of Shambo*, 138 AD3d 1215, 1216 [2016]; *see Oppenheimer v State of New York*, 152 AD3d 1006, 1009 [2017]).