Burnside v State of New York (2018 NY Slip Op 00204)





Burnside v State of New York


2018 NY Slip Op 00204


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

523679

[*1]ALVIN BURNSIDE, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Alvin Burnside, Attica, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Court of Claims (Milano, J.), entered August 15, 2016, which denied claimant's motion for summary judgment.
Claimant, a prison inmate, brought this claim to recover for, among other things, the alleged loss of personal property that occurred during the course of his transfer to another correctional facility. Following joinder of issue, claimant moved for summary judgment, and defendant opposed that motion. The Court of Claims denied claimant's motion finding that claimant's motion papers were deficient. This appeal by claimant ensued.
We affirm. Inasmuch as the record reflects that claimant's original moving papers did not include either a copy of his claim or defendant's answer,[FN1] his motion for summary judgment was properly denied for failing to include the pleadings as required by statute (see CPLR 3212 [b]; Davis v State of New York, 151 AD3d 1411, 1412 [2017]; Weinstein v Gindi, 92 AD3d 526, 527 [2012]; Senor v State of New York, 23 AD3d 851, 852 [2005]; compare Bagley v Moffett, [*2]107 AD3d 1358, 1359-1360 [2013]). Accordingly, we decline to disturb the denial of claimant's motion for summary judgment.
Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although claimant attempted to cure the defect by attaching a copy of his claim to his affirmation in reply to defendant's opposition to his motion, he still failed to attach a copy of the answer.