Ramirez v State of New York (2019 NY Slip Op 06551)





Ramirez v State of New York


2019 NY Slip Op 06551


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

527316

[*1]Ricardo Ramirez, Appellant,
v
State of New York, Respondent.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Karen Murtagh, Prisoners' Legal Services, Ithaca (Hallie E. Mitnick of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Court of Claims (McCarthy, J.), entered May 14, 2018, which, among other things, granted defendant's motion for summary judgment dismissing the claim.
Claimant, a prison inmate, was charged in a misbehavior report with drug use after a positive urinalysis test. During the tier III disciplinary hearing, the correction officer who tested claimant's urine was called to testify as a witness and claimant was instructed to direct any questions that he had for the correction officer through the Hearing Officer. Claimant wanted to question the correction officer regarding a six-hour time gap in the chain of custody of his urine sample; however, claimant was ultimately removed from the hearing after continuously interrupting the Hearing Officer. The Hearing Officer concluded the hearing after claimant's removal and did not receive any further evidence or call any further witnesses. Claimant was found guilty and given nine months in the special housing unit, among other penalties. Claimant commenced a CPLR article 78 proceeding challenging the determination of guilt, and Supreme Court annulled the determination, finding that claimant's "conduct did not rise to the level of disruption that warranted exclusion from the hearing." The matter was remitted for a new hearing, after which claimant was found not guilty because "documentary evidence supports the conclusion that the urine sample was not handled according to policy." Claimant subsequently filed an amended claim seeking money damages for his wrongful confinement. Defendant moved for summary judgment dismissing the claim and claimant cross-moved for partial summary judgment on the issue of liability. The Court of Claims granted defendant's motion for summary judgment finding that defendant had absolute immunity, and denied claimant's cross motion. Claimant appeals, and we affirm.[FN1]
We disagree with claimant that defendant is not entitled to absolute immunity. It is well settled that the "actions of correctional facility employees with respect to inmate discipline matters are quasi-judicial in nature and, unless the employees exceed the scope of their authority or violate the governing statutes and regulations, defendant has absolute immunity for those actions" (Miller v State of New York, 156 AD3d 1067, 1067 [2017] [internal quotation marks and citation omitted]; see Loret v State of New York, 106 AD3d 1159, 1159 [2013], lv denied 22 NY3d 852 [2013]; see also Arteaga v State of New York, 72 NY2d 212, 218-220 [1988]). Confining an inmate "without granting a hearing or other required due process safeguard" are actions that would not receive immunity (Arteaga v State of New York, 72 NY2d at 220; see Bottom v State of New York, 142 AD3d 1314, 1315 [2016], lv dismissed 28 NY3d 1177 [2017]).
Defendant, in support of its motion for summary judgment, proffered the transcript of claimant's first hearing, which reflects that claimant was present when the hearing commenced and stated that he did not want assistance for the hearing, nor did he have any witnesses to present. After a brief adjournment for the Hearing Officer to investigate claimant's assertion that prescribed medication was the cause of the positive urine test, the correction officer testified, and the Hearing Officer advised claimant to address any questions through him and that he would ask those that were relevant. Claimant provided the Hearing Officer with questions and, during the Hearing Officer's questioning of the correction officer, claimant interrupted several times. After the Hearing Officer advised the correction officer that he did not have any further questions, claimant stated that he did have other questions, at which time the Hearing Officer told claimant that he was interrupting and "getting out of line." The Hearing Officer then had claimant removed from the hearing and, consequently, claimant did not get the opportunity to further cross-examine the correction officer. After claimant was removed, the Hearing Officer did not receive any further evidence and read the disposition into the record.
Inasmuch as claimant was present for all but the reading of the disposition into the record, and because he did not have a constitutional right to cross-examine the correction officer (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119 [1995]; Matter of Shannon v Goord, 282 AD2d 909, 910 [2001]), we do not find that claimant's due process rights were violated and, as such, defendant is entitled to absolute immunity (cf. Matter of Texeira v Fischer, 26 NY3d 230, 234 [2015]; compare Bottom v State of New York, 142 AD3d at 1315-1316). Thus, defendant established its prima facie entitlement to summary judgment, thereby shifting the burden to claimant (see Barnes v State of New York, 156 AD3d 975, 978 [2017], lv denied 31 NY3d 903 [2018]).
In opposition to defendant's motion for summary judgment and in support of his cross motion for partial summary judgment, claimant argued that defendant is not entitled to absolute immunity because the correction officer violated drug testing directives.[FN2] We find this argument unavailing. This Court has held that a wrongful confinement action cannot be based on the mishandling of a urine sample because the violation of drug testing directives does not constitute a due process violation (see Miller v State of New York, 156 AD3d at 1068). As such, we find that the Court of Claims properly granted defendant's motion for summary judgment dismissing the claim (see Davidson v State of New York, 66 AD3d 1089, 1090 [2009]; Mitchell v State of New York, 32 AD3d 594, 594-595 [2006]). Likewise, because claimant did not establish that defendant waived immunity, his cross motion for partial summary judgment was properly denied (see Dallas v State of New York, 153 AD3d 1051, 1052 [2017]). 
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although the notice of appeal recites the incorrect date of entry of the Court of Claims order, this Court shall exercise its discretion and treat the notice as valid (see CPLR 5520 [c]).

Footnote 2: As previously discussed, we reject claimant's alternate argument that defendant is not entitled to absolute immunity based upon wrongfully excluding defendant from the hearing.