Moreland v State of New York (2021 NY Slip Op 07042)





Moreland v State of New York


2021 NY Slip Op 07042


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

531753
[*1]Sean Moreland, on Behalf of Himself and All Others Similarly Situated, Appellant,
v
State of New York, Respondent.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Held & Hines, LLP, New York City (Philip M. Hines of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Court of Claims (DeBow, J.), entered July 9, 2020, which granted defendant's motion to dismiss the claim.
Claimant, an individual incarcerated in a state correctional facility, commenced this action individually and on behalf of those similarly situated — current and former incarcerated individuals in facilities operated by the Department of Corrections and Community Supervision (hereinafter DOCCS) — who, since January 2019, were required to undergo urinalysis testing for the opioid buprenorphine, commonly known as Suboxene, and received disciplinary action based upon false positive test results. In May 2019, claimant submitted a urine sample that tested positive for buprenorphine. Pursuant to DOCCS regulations, a second test was conducted on the same sample, which also tested positive. Based on these results, a misbehavior report was issued alleging that claimant violated disciplinary rule 113.24 (drug use). Following a tier III disciplinary hearing, claimant was found guilty and, as relevant here, sentenced to 90 days in the special housing unit. Subsequently, DOCCS discovered that the urinalysis tests it utilized were defective in that they produced a high rate of false positive results. In September 2019, after claimant had served his sentence, DOCCS reversed the penalties and expunged the violation from claimant's record.
Claimant's action sought class certification and asserted claims based on false imprisonment or wrongful confinement, negligence and denial of due process. Defendant moved to dismiss for failure to state a cause of action (see CPLR 3211 [a] [7]). The Court of Claims dismissed the class action for failing to comply with jurisdictional pleading requirements and dismissed the remainder of the claims. Claimant appeals.
Initially, we find that the Court of Claims properly dismissed the class action as claimant failed to satisfy the pleading requirements found in Court of Claims Act § 11 (b). However, claimant urges this Court to reject the findings of the Court of Claims, as well as the analysis engaged in by the Second Department in Weaver v State of New York (82 AD3d 878 [2011], lv dismissed 17 NY3d 778 [2011], lv denied 19 NY3d 804 [2012]), and find section 11 (b) inapplicable, arguing that application will make the bringing of class actions in similar settings "nearly impossible." "[A] claim against [defendant] is allowed only by [its] waiver of sovereign immunity and in derogation of the common law. [Defendant's] waiver of sovereign immunity is not absolute. Rather, it is conditioned upon a claimant's compliance with the limitations set forth in article 2 of the Court of Claims Act, which includes section 11 (b)" (id. at 879 [internal quotation marks and citations omitted]). It is well established that Court of Claims Act § 11 must be strictly construed and complied with in order to subject defendant to a claim (see Finnerty v New York State Thruway Auth., 75 NY2d 721, 722 [1989[*2]]; Lepkowski v State of New York, 302 AD2d 765, 766 [2003], affd 1 NY3d 201 [2003]). Although it may be difficult to comply with the terms of the statute, it is for the Legislature to set and modify those terms, not this Court (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007]). Accordingly, the Court of Claims properly granted defendant's motion to dismiss the class action claim.
Claimant asserts that the Court of Claims erred in dismissing his wrongful confinement claim based on its finding that the confinement was privileged. Specifically, claimant argues that defendant did not satisfy its burden that governmental immunity applies. Defendant has "immunity for those governmental actions requiring expert judgment or the exercise of discretion. This immunity . . . is absolute when the action involves the conscious exercise of discretion of a judicial or quasi-judicial nature" (Arteaga v State of New York, 72 NY2d 212, 216 [1988] [citations omitted]). However, this absolute immunity is not applicable if a correction officer violates governing statutes or regulations, exceeds the scope of his or her authority, or fails to implement required due process safeguards (see id. at 220-221).
Here, claimant was tested for drugs using testing equipment and facilities provided by the Microgenics Corporation. For the safety, security and order of the facility, claimant was required to undergo a urinalysis test and tested positive for buprenorphine. The test was confirmed by a second test on the same sample. A misbehavior report was issued, and claimant was confined following a tier III hearing. In the context of prison disciplinary proceedings, the actions of correctional facility employees in "investigating, preparing, and reviewing reports of misbehavior, weighing evidence, and deciding whether to institute disciplinary proceedings . . . are essentially prosecutorial" (id. at 220). As claimant was confined following a hearing, such actions are quasi-judicial in nature involving the "exercise of reasoned judgment which could typically produce different acceptable results" (Lewis v State of New York, 68 AD3d 1513, 1514 [2009]. Accordingly, defendant is entitled to absolute immunity. To the extent that claimant asserts that defendant violated its regulations governing urinalysis testing, this Court has held that this type of claim does not constitute a due process violation and cannot serve as the basis for a wrongful confinement cause of action (see Ramirez v State of New York, 175 AD3d 1635, 1638 [2019], lv denied 35 NY3d 902 [2020]; Miller v State of New York, 156 AD3d 1067, 1068 [2017]). As such, we find that the Court of Claims properly granted defendant's motion to dismiss the claim for wrongful confinement.
Claimant next contends that the Court of Claims erred in dismissing his claim for negligent drug testing, as this claim is independent and distinct from his wrongful confinement claim. We disagree. The harm alleged in claimant's [*3]negligence cause of action is identical to claimant's wrongful confinement cause of action, and claimant is essentially seeking damages for negligent confinement. As such, claimant may not recover under broad principles of negligence, but must proceed by way of the traditional remedy of wrongful confinement (see Maldovan v County of Erie, 188 AD3d 1597, 1600 [2020], lv granted 37 NY3d 911 [2021]; Peterec v State of New York, 124 AD3d 858, 859 [2015]; Nazario v State of New York, 75 AD3d 715, 718 [2010], lv denied 15 NY3d 712 [2010]; Lorensen v State of New York, 249 AD2d 762, 763 n 2 [1998], lv denied 92 NY2d 807 [1998]; Higgins v City of Oneonta, 208 AD2d 1067, 1069 [1994], lv denied 85 NY2d 803 [1995]). Thus, the negligence cause of action was properly dismissed by the Court of Claims (see Boose v City of Rochester, 71 AD2d 59, 62 [1979]).
Claimant finally contends that his due process rights were violated by, among other things, defendant's failure to follow generally accepted protocols and procedures and, specifically, its failure to perform a more specific confirmatory test on the second urine sample. Claimant does not specify whether these alleged due process violations are asserted under the Federal Constitution or the State Constitution. In the event that claimant is alleging a federal due process violation, "it is well settled that federal constitutional claims may not be asserted in the Court of Claims" (Oppenheimer v State of New York, 152 AD3d 1006, 1008 [2017]; see Jones v State of New York, 171 AD3d 1362, 1364 [2019], appeal dismissed 33 NY3d 1056 [2019]). These claims are no more cognizable if they are alleged under the State Constitution. Where claimant has alternative remedies available in the form of common-law tort claims — such as wrongful confinement — claimant's state constitutional violation is impermissible (see Alsaifullah v State of New York, 166 AD3d 1426, 1426 [2018]; Deleon v State of New York, 64 AD3d 840, 840 [2009], lv denied 13 NY3d 712 [2009]). Accordingly, claimant's due process claim was properly dismissed (see Jones v State of New York, 171 AD3d at 1364; Deleon v State of New York, 64 AD3d at 841). Claimant's remaining contentions have been considered and are unpersuasive.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.